## No. 18,588.

DAVIDSON CHEVROLET, INC., ET AL. *v.*
CITY AND COUNTY OF DENVER, ET AL.
(330 P. [2d] 1116)

Decided October 27, 1958. Rehearing denied November 17, 1958.

Mr. LESLIE A. GROSS, Mr. GEORGE LOUIS CREAMER, for plaintiffs in error.

Mr. JOHN C. BANKS, Mr. EARL T. THRASHER, Mr. HANS W. JOHNSON, for defendants in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

THE vicissitudes of this controversy in the District Court of Denver and in this court bring it here for the third time. For a better understanding of the present disposition we make of this matter a reading of our opinion in *Davidson Chevrolet, Inc. v. Denver, et al.,* 137 Colo. 575, 328 P. (2d) 377, is required, since the problem now before us is the sequel of what we there held.

On December 4, 1957, the trial court overruled defendants' (Denver's and others') motion to dismiss plaintiffs' amended complaint, and thereupon entered judgment in favor of the plaintiffs, affording to the defendants, however, the right "to show legal cause within 20 days from the date of this Decision and Judgment why they should not grant the authority the plaintiffs are seeking." The record fails to disclose whether the de-

fendants desired to, or did, avail themselves of this provision extending to them the right to show cause as outlined. In fact, a nunc pro tunc order was entered on December 5, 1957, dispensing with the necessity of filing a motion for new trial, and making it effective as of December 4, 1957 (the date judgment was rendered).

Immediately thereafter proceedings in error were commenced by Denver, seeking to have the judgment of the trial court reversed. While the case was pending here on error, the trial court vacated the judgment, proceeded with a trial of the case, and entered a judgment of dismissal against the plaintiffs. After the trial court vacated the judgment (sought to be reversed in proceedings here), Denver moved to dismiss without prejudice its writ of error, which motion was granted.

Having suffered an adverse judgment at the hands of the trial court, plaintiffs proceeded on writ of error, maintaining that the vacation of the original judgment and the entry of the judgment of dismissal were acts done by the trial court at a time when it was without jurisdiction to so do.

In agreeing with plaintiffs' contention, we said: "Once the case was in this court on writ of error the trial court was without jurisdiction to vacate the judgment or commence the trial of the case which eventuated in the entry of another or different judgment." *Davidson Chevrolet, Inc. v. Denver, et al.,* supra. Without determining the validity of the original judgment, we charged the lower court as follows: "The proceedings are ordered remanded with directions to hold for naught the vacation of the first judgment and the entry of the second judgment, and to hold in full force and effect (no writ of error having been refiled within apt time) the first judgment, and to carry out the mandate of the remittitur heretofore issued by this court."

In substance the remittitur recognized the existence of the original judgment and directed the execution thereof. But, realizing that void judgments are assail-

174

able at any time, and are ineffectual, we advised the parties that we were not determining the validity of the judgment. Such determination was left to the trial court as the court of original jurisdiction.

If it were a valid judgment, albeit an erroneous or irregular one, the trial court would be without jurisdiction to disturb it, since it had been submitted to the Supreme Court on writ of error, dismissed in the latter court on motion of defendants, and no refiling in apt time of writ of error made, all of which resulted in a final and conclusive judgment, not subject to change in any respect by either the trial court or this court.

If it were a void judgment, it has no efficacy and may be treated as a nullity. A void judgment is vulnerable to a direct or collateral attack regardless of the lapse of time.

Having reversed this case and remanded it to the trial court in this posture, that court had the duty of determining whether the judgment originally entered was irregular or erroneous or void. If it found that the judgment was merely irregular or erroneous, its jurisdiction terminated instanter, and it would become our duty in this proceeding in exercising our discretion to enjoin upon the trial court that it give recognition to the original judgment and permit plaintiffs to enforce the same.

Every court has judicial power to hear and decide the question of its own jurisdiction. Courts ought, as an incident of their general powers to administer justice, to have authority to consider their own right to hear a cause, but their assumption of authority to proceed in a cause does not confer jurisdiction where it does not exist. *Stoll v. Gottlieb,* 305 U.S. 165, 59 S. Ct. 134, 83 L. Ed. 104.

Judgments may be irregular, erroneous or void. An irregular judgment is one rendered contrary to the method of procedure and practice allowed by the law in some material respect. *Northcutt v. King,* 23 N. Mex. 515, 169 Pac. 473. An erroneous judgment is one ren-

dered in accordance with the method of procedure and practice allowed by the law, but contrary to the law. *Moore v. Packer,* 174 N.C. 665, 94 S.E. 449; *Ealy v. Mc-Gahen,* 37 N. Mex. 246, 21 P. (2d) 84.

Irregular and erroneous judgments necessarily retain their force and have effect until modified by the trial court in consequence of its authority in certain circumstances, *People v. District Court,* 115 Colo. 240, 171 P. (2d) 774, or until vacated pursuant to new trial procedures, Rule 59 R.C.P. Colo., or until reversed by an appellate court in review proceedings. Such judgments are subject only to direct attack; they are not vulnerable to collateral assault.

 A void judgment is a simulated judgment devoid of any potency because of jurisdictional defects only, in the court rendering it. Defect of jurisdiction may relate to a party or parties, the subject matter, the cause of action, the question to be determined, or the relief to be granted. A judgment entered where such defect exists has neither life nor incipience, and a court is impuissant to invest it with even a fleeting spark of vitality, but can only determine it to be what it is — a nothing, a nullity. Being naught, it may be attacked directly or collaterally at any time. *Stubbs v. McGillis,* 44 Colo. 138, 96 Colo. 1005, 130 Am.S.R. 116, 18 L.R.A. N.S. 405.

A motion to dismiss for failure to state a claim, like the code and common law demurrer, raises an issue of law. The manner of treating the motion to dismiss, and the content of the judgment rendered after the motion was overruled, make manifest that the trial court was resolving an issue of law in the original judgment rendered by it.

"When the pleadings terminate in a demurrer on either side, an issue of law is presented, and a judgment on such demurrer is on an issue of law. On demurrer to any of the pleadings which go to the action, the judgment for either party is the same as it would have been on an issue of fact joined on the same pleading, and

found in favor of the same party. At common law the judgment for plaintiff on a demurrer to any of the pleadings in chief is quod recuperet, that is, that he recover; that for defendant is quod eat sine die, that is, that he go hence without day. * * * the judgment is final unless leave to amend or to plead over is given, but, since the granting of such leave is almost a matter of course, it is not now usual to enter final judgment on demurrer unless the party fails or refuses to amend or to plead over, as the case may be. * * * " 49 C.J.S. 33, §9.

It was highly irregular for the trial court to enter judgment for the plaintiffs after overruling defendants' motion to dismiss without first ascertaining whether they were going to stand on their motion or whether they desired to plead further. Such irregularity, at most, however, makes for an irregular judgment. Being irregular, if anything, we must under the circumstances here present hold that the trial court was without jurisdiction to in any way disturb the original judgment.

■ One other question has been seriously posed — was Denver denied due process? Prejudicial irregularity in trial court proceedings must be asserted by writ of error. Denver took such course, and later dismissed its proceeding. It is now too late to resort anew to such remedy. Under the circumstances, we hold that the contention of a lack of due process is without merit. See *American Surety Co. v. Baldwin,* 287 U.S. 156, 53 S. Ct. 98, 77 L. Ed. 231, 86 A.L.R. 298.

The trial court acted without jurisdiction in vacating the original judgment after it was remanded pursuant to our decision in *Davidson Chevrolet, Inc. v. Denver, et al.,* supra. That judgment is in full force and effect and should be enforceable at the hands of plaintiffs. The rule to show cause is made absolute.