Scott L. KING and Carolyn C. King, Plaintiffs–Appellees,

v.

Barbara A. EVERETT, Defendant–Appellant.

No. 88CA0396.

Colorado Court of Appeals, Div. C.

April 13, 1989.
Rehearing Denied June 1, 1989.
Certiorari Denied Sept. 5, 1989.

**66**

Delaney & Balcomb, P.C., John A. Thulson, Glenwood Springs, for plaintiffs-appellees.

Charles H. Willman, P.C., Charles H. Willman, Glenwood Springs, for defendant-appellant.

ENOCH *, Judge.

Defendant, Barbara A. Everett, appeals the trial court's denial of her motion to vacate that part of a judgment which awarded exemplary damages to plaintiffs, Scott L. King and Carolyn C. King. We affirm.

The Kings brought a breach of contract action against Everett, seeking both compensatory and exemplary damages. Everett, acting pro se, filed an answer but otherwise did not participate in the proceedings and failed to appear at trial. On February 27, 1987, following a trial to the court, judgment in the amount of $83,-593.76, including $65,000 in exemplary damages, was entered in favor of the Kings.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

On June 23, 1987, Everett, through counsel, filed a C.R.C.P. 60(b)(1) motion to set aside the judgment. Everett sought relief on grounds of mistake or inadvertence or excusable neglect, claiming that she had not received notice of the trial setting. Following an evidentiary hearing, the trial court denied Everett's motion.

Thereafter, Everett, represented by new counsel, filed a C.R.C.P. 60(b)(3) motion for relief, seeking to set aside the exemplary damage portion of the judgment. In that motion, she relied on *Mortgage Finance, Inc. v. Podleski,* 742 P.2d 900 (Colo.1987), in which the Supreme Court ruled that exemplary damages are not authorized under § 13–21–102, C.R.S. (1987 Repl.Vol. 6A) in breach of contract actions.

Everett argued that the trial court lacked jurisdiction to award exemplary damages and that the exemplary damage portion of the judgment was void. The trial court, however, rejected Everett's argument. It ruled that while the judgment was perhaps erroneous under *Mortgage Finance, Inc., supra,* nevertheless, the trial court was vested with jurisdiction over the contract action and, therefore, its judgment was not void for lack of subject matter jurisdiction.

On appeal, Everett challenges the trial court conclusion that the judgment was merely erroneous. However, we agree with the trial court.

A judgment may be void, and therefore subject to relief under C.R.C.P. 60(b)(3), if the court that rendered it lacked jurisdiction of the subject matter or the parties, or if there was a violation of due process of law. *See E.B. Jones Construction Co. v. City & County of Denver,* 717 P.2d 1009 (Colo.App.1986). However, a court's error in interpreting or exercising a statutory grant of jurisdiction is not equivalent to acting with total want of jurisdiction. *People in Interest of Clinton,* 762 P.2d 1381 (Colo.1988); *see also Lubben v. Selective Service System Local Board No. 27,* 453 F.2d 645 (1st Cir.1972).

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

In the interest of finality, the concept of void judgments is narrowly construed and does not include irregular or erroneous applications of law. *Davidson Chevrolet, Inc. v. City & County of Denver*, 138 Colo. 171, 330 P.2d 1116 (1958).

The trial court's award of exemplary damages here was supported by case law existing when the judgment was entered. *Cox v. Bertsch*, 730 P.2d 889 (Colo. App.1986). The subsequent invalidation of *Cox v. Bertsch* and other cases by the supreme court in *Mortgage Finance, Inc. v. Podleski, supra,* rendered the award of exemplary damages here erroneous but not void within the meaning of C.R.C.P. 60(b)(3). The district court properly determined that it was vested with jurisdiction over the subject matter of the action and the parties before it. Therefore, the court did not err in denying defendant's motion to set aside the judgment.

The judgment is affirmed.

STERNBERG and SILVERSTEIN, JJ., concur.