**ARVADA 1ST INDUSTRIAL BANK,**
**Judgment Creditor–Plaintiff–**
**Appellee,**

v.

**Kenneth W. HUTCHISON, Judgment**
**Debtor–Defendant–Appellant.**

No. 99CA0876.

Colorado Court of Appeals,
Div. I.

Sept. 28, 2000.

Rehearing Denied Nov. 24, 2000.

Bloom Murr & Accomazzo, P.C., Joseph A. Murr, Michael G. Milstein, Denver, Colorado, for Judgment Creditor–Plaintiff–Appellee.

Larry F. Hobbs, P.C., Larry F. Hobbs, Lakewood, Colorado, for Judgment Debtor–Defendant–Appellant.

Opinion by Judge KAPELKE.

In this post-judgment proceeding, defendant, Kenneth W. Hutchison (debtor), appeals from the trial court's order denying his C.R.C.P. 60(b)(3) motion challenging an order reviving judgment. The issue is whether the order is void because it was entered on Thanksgiving Day, a legal holiday. We hold that the order is not void and, therefore, affirm.

The record reveals the following facts. Plaintiff, Arvada 1st Industrial Bank (creditor), obtained a judgment in the amount of $38,796.90 against debtor on December 4, 1992. Absent revival of this judgment, creditor's judgment lien on debtor's real property in Jefferson County would have expired six years later, on December 4, 1998. *See* § 13–52–102(1), C.R.S.2000; *see also* C.R.C.P. 54(h).

On September 28, 1998, creditor filed a motion seeking to revive the judgment pursuant to C.R.C.P. 54(h). On October 26, 1998, before any notice had been given to debtor, the trial court entered a hand written notation on the motion purporting to grant it.

Despite entry of that order, the motion for revival and the trial court's show cause order, both issued on October 5, 1998, were served on debtor on November 7, 1998. Pursuant to C.R.C.P. 54(h), debtor's response to the show cause order was due on November 17, 1998. No response having been filed, the trial court thereafter entered an order dated November 26, 1998, reviving the judgment. Creditor then filed a transcript of the revived judgment in the register of actions of the clerk and recorder of Jefferson County on December 3, 1998, thereby continuing creditor's judgment lien on debtor's real property in that county. *See* C.R.C.P. 54(h).

On December 28, 1998, debtor filed a motion pursuant to C.R.C.P. 60(b)(3) to set aside the order of October 26, 1998, asserting that it was void for lack of notice. In its response to the motion, creditor acknowledged that the October 26 order was void,

but asserted that the order reviving judgment dated November 26 was valid. In further proceedings on the C.R.C.P. 60(b)(3) motion, debtor sought to set aside the November 26 order, asserting that it was also void because it had been entered on the Thanksgiving Day holiday.

The trial court entered an order setting aside the October 26 order as void because debtor had not previously been served as required by C.R.C.P. 54(h). Creditor then filed a motion for clarification, seeking a ruling that the November 26 order reviving judgment was nevertheless valid.

On April 20, 1999, the trial court entered an order determining that the November 26 order was valid and that any defect in the entry of that order was "harmless error." This appeal followed.

■ C.R.C.P. 60(b)(3) provides for relief from a final judgment if such judgment is "void." A judgment is void if the court that rendered it lacked jurisdiction over the subject matter or the parties or if the procedure followed in entering it violated a party's due process rights. *See Mason–Jares, Ltd. v. Peterson,* 939 P.2d 522 (Colo.App.1997); *King v. Everett,* 775 P.2d 65 (Colo.App.1989).

Debtor relies on § 13–1–118(1), C.R.S. 2000, which provides, in pertinent part, as follows:

(1) *No court shall be opened nor shall any judicial business be transacted on Sunday or any legal holiday except for the following purposes:*

(a) To give, upon their request, instruction to a jury then deliberating on their verdict;

(b) To receive a verdict or discharge a jury;

(c) For the exercise of the powers of a judge in a criminal action or in a proceeding of a criminal nature;

(d) When it appears by the affidavit of the plaintiff, or someone in his behalf, in cases for the recovery of specific personal property, that the defendant is about to conceal, dispose of, or remove such property out of the jurisdiction of the court, an order for taking possession of the same

may be issued and the writ or process executed on any day;

(e) When an application for writ of attachment is made, if it shall appear by the affidavit of the plaintiff, or someone in his behalf, that the defendant is about to dispose of, conceal, or remove property subject to execution or attachment out of the jurisdiction of the court, a writ of attachment may be issued and executed on any day.

(Emphasis added).

The entry of orders reviving judgments is not one of the five items of business enumerated in the exceptions set forth in § 13–1–118(1)(a) through (e). Further, Thanksgiving Day is expressly declared to be a legal holiday in § 24–11–101(1), C.R.S.2000.

■ Thus, by entering the order reviving judgment on Thanksgiving Day, the trial court violated the statutory prohibition against the transaction of judicial business on a legal holiday. Nevertheless, we hold that this statutory violation did not render the November 26th order void.

■ In the interest of finality, the concept of void judgments is narrowly construed "and does not include irregular or erroneous applications of law." *King v. Everett, supra,* 775 P.2d at 67; *see also Davidson Chevrolet, Inc. v. Denver,* 138 Colo. 171, 330 P.2d 1116 (1958) (distinguishing between "irregular" judgments, "erroneous" judgments, and "void" judgments). Further, a court's error in exercising a statutory grant of jurisdiction is not equivalent to acting with a total lack of jurisdiction. *King v. Everett, supra.*

Here, the record shows that the trial court had jurisdiction over the subject matter and the parties by no later than November 7, 1998. Thus, after debtor failed to respond to the show cause order by November 17, the trial court could properly have entered the revived judgment as requested by creditor at any time.

Notwithstanding the statutory violation in entering the order reviving judgment on Thanksgiving Day, the trial court was not divested of its jurisdiction over the subject matter or the parties. Further, we perceive

no violation of debtor's due process rights by the court's action.

In this regard, we note that § 13–1–118(1) does not provide that any judicial business transacted in violation of its provisions is void. *Cf. People v. Easter,* 914 P.2d 493 (Colo.App.1995) (giving effect to statutory terms expressly stating that juvenile court's order of waiver transferring jurisdiction to district court "shall be null and void" if prosecution thereafter fails to take timely action).

Rather, the statute is silent as to the effect of any order entered or other judicial business transacted in violation of its prohibitions. We note, however, that § 13–1–118(2), C.R.S.2000, provides that the effect of having a day fixed for the opening of a court that falls on a prohibited day is that "the court shall stand adjourned until the next succeeding day."

Similarly, § 24–11–101(2), C.R.S.2000, provides that matters coming before a court on a legal holiday "shall not" for that reason "abate," but "shall stand continued to the next succeeding day." *See also* § 24–11–110, C.R.S.2000 (actions required to be done on day when applicable public office is closed "shall neither be abated nor defaulted," but "shall stand continued to the next succeeding full business day").

Based on the foregoing provisions, we conclude that the effect of the trial court's entry of the order reviving judgment on a legal holiday was not to invalidate the order but, rather, merely to postpone its effective date until the next day the courts were open—in this case, November 27, 1998. *See Banos v. El Paso County Court,* 804 P.2d 259 (Colo. App.1990) (the fact that summons and complaint mistakenly ordered court appearance on a Sunday neither excused party from his obligation to appear in court nor deprived court of its otherwise proper jurisdiction over him).

Thus, although the trial court's transaction of judicial business on a legal holiday may have rendered the November 26 order reviving judgment irregular or even erroneous in this respect, it did not render it void. Accordingly, because the challenged judgment is not void, C.R.C.P. 60(b)(3) provides no

basis for any relief. The trial court therefore properly denie.. debtor's post-judgment motion. *See King v. Everett, supra.*

Finally, we note that the scope of this appeal is limited to the C.R.C.P. 60(b)(3) issues concerning the validity of the trial court's revived judgment of November 26. We therefore do not address the remaining unrelated contentions. *See In re Marriage of Stroud,* 631 P.2d 168 (Colo.1981).

The order is affirmed.

Judge METZGER and Judge JONES concur.