Colorado Court of Appeals Opinions || August 13, 2015


Colorado Court of Appeals -- August 13, 2015
2015 COA 111. No. 14CA0728. Burton v. Colorado Access, a/k/a Colorado Access Long Term Disability Plan.



 Â 

 
 
 
 COLORADO COURT OF APPEALS

 
 2015 COA 111

 
 



 Court of Appeals No. 14CA0728
 City and County of Denver District Court No. 07CV4421
 Honorable Morris B. Hoffman, Judge


 Caroline Burton,

 Plaintiff-Appellant,

 v.

 Colorado Access, a/k/a Colorado Access Long Term Disability Plan,

 Defendant-Appellee.


 ORDER AND JUDGMENT AFFIRMED

 Division II
 Opinion by JUDGE J. JONES
 Bernard and Rothenberg*, JJ., concur

 Announced August 13, 2015


 The Murphy Law Firm, LLC, Brian A. Murphy, Wheat Ridge, Colorado, for Plaintiff-Appellant

 Holland & Hart, LLP, Michael S. Beaver, Steven T. Collis, Greenwood Village, Colorado, for Defendant-Appellee

 *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, Â§ 5(3), and Â§ 24-51-1105, C.R.S. 2014.

 Â 

 Â¶1Â Â Â Â Â Â Â  Plaintiff, Caroline Burton, appeals the district courtâs order setting aside her default judgment against defendant, Colorado Access Long Term Disability Plan (the plan), and the district courtâs subsequent summary judgment in the planâs favor on her ERISA benefits claim. We affirm the order and the judgment.

 I. Background

 Â¶2Ms. Burton was formerly employed by a company known as Colorado Access. Colorado Access sponsored the plan, which was a long-term disability insurance policy issued and administered by Unum Life Insurance Company of America (Unum). Ms. Burton sought benefits from Unum under the insurance policy and Unum paid her benefits for about two years before terminating them.

 Â¶3Â Â Â Â Â Â Â  On May 3, 2007, Ms. Burton filed a complaint against the plan claiming entitlement to additional benefits under section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 (ERISA). See 29 U.S.C. Â§ 1132(a)(1)(B) (2012). But she did not serve or attempt to serve the plan with the complaint. Instead, on May 11, 2007, she served the complaint on the Secretary of the United States Department of Labor under section 1132(d)(1). The Secretary did not forward the complaint to the plan. Consequently,Â the plan did not answer the complaint. Ms. Burton sought a default judgment against the plan, which the district court entered on May 16, 2008.[1]

 Â¶4Â Â Â Â Â Â Â  On December 11, 2012, the plan filed a motion to set aside the default judgment under C.R.C.P. 60(b)(3). It argued that Ms. Burton had never properly served it with the complaint; therefore, the district court lacked personal jurisdiction over it when the default judgment was entered, and, accordingly, the default judgment was void. The district court agreed with the plan and set aside the default judgment.

 Â¶5Â Â Â Â Â Â Â  The plan later moved for summary judgment. It argued that because only Unum made eligibility determinations under the plan, and only Unum was obligated to pay benefits under the plan, only Unum could be subject to liability under section 1132(a)(1)(B). In support of its motion, the plan submitted an affidavit from Colorado Accessâs Vice President of Administrative Services and CorporateÂ Compliance Officer, Rene Gallegos. Therein, Ms. Gallegos stated as follows:

 
 Colorado Access sponsored the plan, which made long-term disability insurance available to eligible Colorado Access employees.

 
 The plan was created by Colorado Accessâs purchase of an insurance policy from Unum.

 
 The planâs only governing document was the Unum insurance policy.

 
 Only Unum approved payment of benefits and only Unum paid benefits.

 
 The plan did not make benefits determinations or pay benefits.

 
 âThe Plan was merely a technical legal entity that existed for the sole purpose of providing insurance under the [Unum insurance policy] to eligible Colorado Access employees. The Plan had no operations, no activities, no employees, no assets, and no means of paying any insurance benefits under the [Unum insurance policy].â\

 
 The plan never played any role in processing Ms. Burtonâs claim, and did not receive the application for benefits or any correspondence concerning the claim.



 Â¶6Â Â Â Â Â Â Â  The plan also submitted the Unum insurance policy with its motion. That policy, which included a summary plan description, included the following relevant information:

 
 Eligible employees were required to send all claims and information relating to claims to Unum.

 
 Unum would make all benefits payments.

 
 Colorado Access was not an agent of Unum.

 
 Unum determined eligibility for benefits.

 
 The plan administrator was Colorado Access. Unum administered benefits.

 
 The plan was funded as an insurance policy.



 Â¶7Â Â Â Â Â Â Â  The district court granted the motion for summary judgment, agreeing with the plan that it cannot be sued under section 1132(a)(1)(B) because the undisputed facts show that it is not obligated to provide benefits.

 Â¶8Â Â Â Â Â Â Â  Ms. Burtonâs appeal requires us to answer two questions. First, given that Colorado Access was the plan administrator, andÂ the plan designated Colorado Access as its agent for service of process, could Ms. Burton serve process on the plan by serving the Secretary of Labor under section 1132(d)(1)? We answer that question âno,â and therefore affirm the district courtâs order setting aside the default judgment. Second, given that Unum is the only entity which made eligibility and payment decisions under the plan, and is the only entity that was obligated to pay benefits, can Ms. Burton nevertheless sue the plan? We answer that question ânoâ as well, and therefore affirm the district courtâs summary judgment.

 II. Default Judgment â Service on the Secretary of Labor

 A. Applicable Law and Standard of Review

 Â¶9Â Â Â Â Â Â Â  C.R.C.P. 60(b)(3) provides that a court may set aside a judgment that is âvoid.â Indeed, if a judgment is void, the court must set it aside. First Natâl Bank of Telluride v. Fleisher, 2 P.3d 706, 714 (Colo. 2000); In re Petition of C.L.S., 252 P.3d 556, 561 (Colo. App. 2011). And this is so regardless of when the party seeking to set aside the judgment moves to set it aside: no time limit applies to a motion under C.R.C.P. 60(b)(3). Davidson Chevrolet, Inc. v. City & Cnty. of Denver, 138 Colo. 171, 175, 330 P.2d 1116, 1118-19 (1958); In re Petition of C.L.S., 252 P.3d at 560;Â Don J. Best Trust v. Cherry Creek Natâl Bank, 792 P.2d 302, 304 (Colo. App. 1990).

 Â¶10Â Â Â Â Â Â Â  A judgment is void if the court that entered it lacked subject matter jurisdiction or personal jurisdiction over the defendant. See Davidson Chevrolet, 138 Colo. at 175, 330 P.2d at 118. If a plaintiff fails to properly serve the defendant with a complaint, there is no personal jurisdiction over the defendant. See Weaver Constr. Co. v. Dist. Court, 190 Colo. 227, 232, 545 P.2d 1042, 1045 (1976); Carlson v. Dist. Court, 116 Colo. 330, 341-42, 180 P.2d 525, 531 (1947); Rea v. Corr. Corp. of Am., 2012 COA 11, Â¶12 (citing Cambridge Holdings Grp., Inc. v. Fed. Ins. Co., 489 F.3d 1356, 1361 (D.C. Cir. 2007)); United Bank of Boulder, N.A. v. Buchanan, 836 P.2d 473, 476-77 (Colo. App. 1992); see also Omni Capital Intâl, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987).

 Â¶11Â Â Â Â Â Â Â  Likewise, a default judgment entered against a defendant without proper notice may violate a defendantâs due process rights and be void for that reason as well. See First Natâl Bank, 2 P.3d at 714; In re Petition of C.L.S., 252 P.3d at 561; Don J. Best Trust, 792 P.2d at 305.

 Â¶12Â Â Â Â Â Â Â  We review de novo a district courtâs decision on a motion to set aside a default judgment under C.R.C.P. 60(b)(3). First Natâl Bank, 2 P.3d at 714; In re Petition of C.L.S., 252 P.3d at 561.

 B. Analysis

 Â¶13Â Â Â Â Â Â Â  Determining whether Ms. Burton properly served process on the plan requires us to construe various provisions of ERISA. In so doing, we apply federal rules of statutory interpretation. Copeland v. MBNA Am. Bank, N.A., 907 P.2d 87, 90 (Colo. 1995); People in Interest of A.R., 2012 COA 195M, Â¶17. We must consider ââwhether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.ââ Roberts v. Sea-Land Servs., Inc., 566 U.S. ___, ___, 132 S. Ct. 1350, 1356 (2012) (quoting Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997)). This requires us to âlook first to [the statuteâs] language, giving the words used their ordinary meaning.â Id. (internal quotation marks omitted). Further, we must not construe the statute âin a vacuum. It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.â Davis v. Mich. Depât of Treasury, 489 U.S. 803, 809 (1989). It is also a fundamental canon ofÂ statutory construction that âa statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.â TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001) (internal quotation marks omitted). Along the same lines, we must avoid âinterpretations of a statute which would produce absurd results . . . if alternative interpretations consistent with the legislative purpose are available.â Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 575 (1982).

 Â¶14Â Â Â Â Â Â Â  Section 1132(d)(1) of ERISA provides that â[s]ervice of summons, subp[o]ena, or other legal process of a court upon . . . an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan.â âThe term âadministratorâ means the person specifically so designated by the terms of the instrument under which the plan is operated . . . .â 29 U.S.C. Â§ 1002(16)(A)(i) (2012). A corporation is a âpersonâ for purposes of ERISA. Â§ 1002(9). So, ERISA is clear that service of process on a plan administrator is service on the plan, and that the administrator may be a corporation.

 Â¶15Â Â Â Â Â Â Â  But ERISA also allows a plan to designate a person other than the plan administrator as its agent for service of process. 29 U.S.C. Â§ 1022(b) (2012) (the summary plan description must contain âthe name and address of the person designated as agent for the service of process, if such person is not the administratorâ). And â[i]n a case where a plan has not designated in the summary plan description of the plan an individual as agent for the service of legal process, service upon the Secretary [of Labor] shall constitute such service.â 29 U.S.C. Â§ 1132(d)(1).

 Â¶16Â Â Â Â Â Â Â  Reading these provisions together, we conclude that a party intending to sue a plan must serve the plan administrator where it is designated as the agent for service of process, or, if the summary plan description designates a person other than the plan administrator as agent for service of process, the party must serve that other person. It is only where the summary plan description designates neither the plan administrator nor some other person as agent for service of process that service on the Secretary of Labor is allowed.

 Â¶17Â Â Â Â Â Â Â  It is undisputed that Colorado Access was the plan administrator, and that the plan designated Colorado Access as itsÂ agent for service of process. Therefore, Ms. Burton was required to serve Colorado Access with her complaint. She did not do so, nor did she serve Colorado Access with her motions for entry of default or entry of default judgment. It is also undisputed that neither Colorado Access nor the plan learned of the proceedings until years after the court had entered the default judgment. We therefore conclude that the district court lacked personal jurisdiction over the plan, the district courtâs entry of default judgment against the plan violated the planâs right to due process, the default judgment was void, and the district court correctly set it aside pursuant to C.R.C.P. 60(b)(3). See Rainsberger v. Klein, 5 P.3d 351, 353 (Colo. App. 1999); Mason-Jares, Ltd. v. Peterson, 939 P.2d 522, 524 (Colo. App. 1997); United Bank of Boulder, 836 P.2d at 477-78.

 Â¶18Â Â Â Â Â Â Â  In arguing to the contrary, Ms. Burton relies on that portion of section 1132(d)(1) previously quoted which says that â[i]n a case where a plan has not designated in the summary plan description of the plan an individual as agent for the service of legal process, service upon the Secretary [of Labor] shall constitute such service.â She argues that an âindividualâ can only be a natural person, and that because a corporation such as Colorado Access is not a naturalÂ person, serving the Secretary of Labor was sufficient. We are not persuaded.

 Â¶19Â Â Â Â Â Â Â  The portion of section 1132(d)(1) on which Ms. Burton relies plainly is intended to set forth a means of substituted service â that is, service when service through ordinary means is not possible because a summary plan description fails to identify an agent for service of process. It would make no sense for Congress to expressly allow for designation of a corporation (whether the plan administrator or not) as an agent for service of process and at the same time provide that such a designation can be ignored.

 Â¶20Â Â Â Â Â Â Â  Further, though Ms. Burton asserts that the word âindividualâ is commonly understood as being limited to natural persons, that is not necessarily so. âIndividualâ has been defined as âa single or particular being or thing or group of beings or things.â Websterâs Third New International Dictionary 1152 (2002) (emphasis added); see also Blackâs Law Dictionary 843 (9th ed. 2009) (â[o]f or relating to a single person or thingâ) (emphasis added). And courts construing other federal statutes have concluded that statutory context may make clear that the word âindividualâ includes entities other than natural persons. See, e.g., Clinton v. City of New York,Â 524 U.S. 417, 428-29 (1998); United States v. Middleton, 231 F.3d 1207, 1210-13 (9th Cir. 2000); La Barge v. Mariposa Cnty., 798 F.2d 364, 366-67 (9th Cir. 1986); see also Consol. Edison Co. of N.Y., Inc. v. Pataki, 292 F.3d 338, 346-49 (2d Cir. 2002) (a corporation is an âindividualâ that may not be singled out for punishment under the Bill of Attainder Clause of the United States Constitution).

 Â¶21Â Â Â Â Â Â Â  Therefore, considering the language of section 1132(d)(1) in the context of ERISA as a whole, we conclude that an âindividualâ as used therein includes a corporation.

 Â¶22Â Â Â Â Â Â Â  In sum, the district court did not err in determining that Ms. Burton failed to properly serve the plan. As it is undisputed that the plan did not otherwise have actual notice of the action and the default proceedings, the district court correctly set aside the default judgment as void. Rainsberger, 5 P.3d at 353; Mason-Jares, 939 P.2d at 524; United Bank, 836 P.2d at 477-78.

 III. Summary Judgment â Proper Party Defendant

 A. Standard of Review

 Â¶23Â Â Â Â Â Â Â  We review an order granting summary judgment de novo. Aspen Wilderness Workshop, Inc. v. Colo. Water Conservation Bd., 901 P.2d 1251, 1256 (Colo. 1995); Barnhart v. Am. Furniture Warehouse Co., 2013 COA 158, Â¶8. Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c); Contâl Air Lines, Inc. v. Keenan, 731 P.2d 708, 712 (Colo. 1987).

 B. Analysis

 Â¶24Â Â Â Â Â Â Â  ERISA allows a plan participant or beneficiary to bring a civil action to recover plan benefits. Specifically, section 1132(a)(1)(B) provides: âA civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .â

 Â¶25Â Â Â Â Â Â Â  As has been noted by other courts, while section 1132(a) plainly says who may bring a claim thereunder, it does not say, expressly, who may be sued. Nonetheless, â[b]y necessary implication, . . . a cause of action for âbenefits dueâ must be brought against the party having the obligation to pay. In other words, the obligor is the proper defendant on an ERISA claim to recover planÂ benefits.â Larson v. United Healthcare Ins. Co., 723 F.3d 905, 913 (7th Cir. 2013) (emphasis in original).

 Typically the plan owes the benefits and is the right defendant. . . . But not always. Health plans are often structured around third-party payors. When an employee-benefits plan is implemented by insurance and the insurance company decides contractual eligibility and benefits questions and pays the claims, an action against the insurer for benefits due âis precisely the civil action authorized by Â§ 1132(a)(1)(B).â

 Id. (quoting in part Cyr v. Reliance Standard Life Ins. Co., 642 F.3d 1202, 1207 (9th Cir. 2011) (en banc)). The only proper defendants in such an action are those entities which make eligibility or payment decisions or are obligated to pay benefits. See Layes v. Mead Corp., 132 F.3d 1246, 1249-50 (8th Cir. 1998); Daniel v. Eaton Corp., 839 F.2d 263, 266 (6th Cir. 1988); Milton v. Life Ins. Co. of N. Am., No. CV-12-BE-864-E, 2012 WL 2357800, at *1-4 (N.D. Ala. June 20, 2012); Portz v. Hartford Life & Accident Ins. Co., No. 8:07CV478, 2008 WL 2986272, at *2-3 (D. Neb. July 31, 2008); Fye v. Unisys Corp., No. 8:05-cv-2012-T-26TGW, 2007 WL 788362, at *10 (M.D. Fla. Mar. 14, 2007); Sawyer v. Potash Corp. of Sask., 417 F. Supp. 2d 730, 737 (E.D.N.C. 2006), affâd, 223 F. Appâx 217Â (4th Cir. 2007); Henderson v. Transamerica Occidental Life Ins. Co., 120 F. Supp. 2d 1278, 1281-82 (M.D. Ala. 2000), affâd, 263 F.3d 171 (11th Cir. 2001) (unpublished opinion).

 Â¶26Â Â Â Â Â Â Â  In this case, it is undisputed that under the plan (which was really no more than the insurance policy), Unum â the insurer â made all decisions regarding eligibility for and payment of benefits, and made all such decisions with respect to Ms. Burton. It is also undisputed that only Unum was obligated to pay any benefits owed to Ms. Burton under the plan. It follows that the plan is not a proper defendant as to Ms. Burtonâs ERISA benefits claim. See, e.g., Echague v. Metro. Life Ins. Co., 43 F. Supp. 3d 994, 1000 & n.1, 1006-08 (N.D. Cal. 2014) (granting summary judgment in favor of the plan entity on the plaintiffâs section 1132(a)(1)(B) claim because the insurer âwas the sole entity responsible for denying [the] plaintiffâs claimâ); Cox v. Allin Corp. Plan, No. C 12-5880 SBA, 2013 WL 1832647, at *1, *4 (N.D. Cal. May 1, 2013) (granting plan entityâs motion to dismiss the plaintiffâs section 1132(a)(1)(B) claim because it had no responsibility to resolve benefits claims or pay them); Milton, 2012 WL 2357800, at *1-4 (same as Cox); Sawyer, 417 F. Supp. 2d at 733, 737 (same as Echague); Sanderson v. ContâlÂ Cas. Co., 279 F. Supp. 2d 466, 469, 478 (D. Del. 2003) (same as Echague).

 Â¶27Â Â Â Â Â Â Â  We are not persuaded to the contrary by the decisions on which Ms. Burton relies.

 Â¶28Â Â Â Â Â Â Â  Of those decisions, only two are arguably on point: Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506 (2d Cir. 2002), and Meyer v. Unum Life Ins. Co. of Am., No. CIV. A. 12-1134-KHV, 2013 WL 1411776 (D. Kan. Apr. 8, 2013) (unpublished order), which relied on Chapman. See also OSF Healthcare Sys. v. Insperity Grp. Health Plan, ___ F. Supp. 3d ___, 2015 WL 1117776 (C.D. Ill. Mar. 10, 2015); Spears v. Liberty Life Assurance Co., 885 F. Supp. 2d 546 (D. Conn. 2012) (following Chapman).

 Â¶29Â Â Â Â Â Â Â  In Chapman, the court rejected a planâs argument that only the insurance company â which had made all eligibility determinations â could be held liable on a section 1132(a)(1)(B) claim. In doing so, the court relied heavily on section 1132(d). Chapman, 288 F.3d at 509. That section says, in relevant part, that â[a]n employee benefit plan may sue or be sued under this subchapter as an entity,â 29 U.S.C. Â§ 1132(d)(1), and that â[a]ny money judgment . . . against an employee benefit plan shall beÂ enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter,â Â§ 1132(d)(2). But as the Larson court observed, â[t]he main point of Â§ 1132(d) is to adjust certain common-law liability rules; itâs one example of the way in which ERISA departs from the common law of trusts.â Larson, 723 F.3d at 914. Section 1132(d)(1) does this by treating ERISA plan liability different from trust liability: â[a]t common law a trust cannot sue or be sued because it is not a juristic person.â Id. (internal quotation marks omitted). And section 1132(d)(2) also does this by âlimiting the personal liability of plan administrators,â thereby âoverrid[ing] the common law of trusts . . . .â Id.

 Â¶30Â Â Â Â Â Â Â  Considered in light of these purposes, section 1132(d) does not create a rule that a plan is always subject to liability under section 1132(a)(1)(B).

 Â¶31Â Â Â Â Â Â Â  The Chapman court also relied on cases holding plan administrators and plans liable under section 1132(a)(1)(B). See Chapman, 288 F.3d at 509-10. But those cases involved situations in which plan administrators made eligibility decisions or self-funded plans paid benefits. Ms. Burton also relies on such cases. See, e.g., Geddes v. United Staffing Alliance Emp. Med. Plan, 469 F.3d 919 (10th Cir. 2006). Those cases are inapposite, however, because the facts in this case are that only a third-party insurer â Unum â made eligibility decisions and paid benefits under the plan. We agree with the Seventh Circuit that, in cases such as this, because a section 1132(a)(1)(b) claim is ââessentially a contract remedy under the terms of the plan,ââ and ârests on contract obligations running directly from the insurers to the [plan participants or beneficiaries],â âthe obligor is the proper party defendant on an ERISA claim to recover plan benefits.â Larson, 723 F.3d at 911, 913 (quoting in part Ponsetti v. GE Pension Plan, 614 F.3d 684, 695 (7th Cir. 2010)) (emphasis in original). In this case, the only obligor was Unum.

 Â¶32Â Â Â Â Â Â Â  We recognize that in OSF, ___ F. Supp. 3d ___, 2015 WL 1117776, the district court recently read Larson not to preclude a claim against a plan where an insurer makes all benefits decisions and has the obligation to pay benefits, but merely to allow a claim against the insurer in addition to the plan in such circumstances. The court based its conclusion on the premise that a contractualÂ relationship always exists between plans and beneficiaries. Id. at ___, 2015 WL 1117776, at *2 (â[A]n ERISA beneficiary makes his contract with a plan.â); id. at ___, 2015 WL 1117776, at *3 (âBeneficiaries contract with plans to receive benefits.â). Therefore, the court reasoned that the plan, as promisee, âremain[s] liable to the beneficiaries,â even if an insurer is liable.

 Â¶33Â Â Â Â Â Â Â  But in Larson, the court said that where insurers make benefits decisions and are obligated to pay benefits, âthe Â§ 1132(a)(1)(B) claim rests on contract obligations running directly from the insurers to the [beneficiaries].â 723 F.3d at 913 (emphasis added). It thereby rejected the OSFâs courtâs view of the insurerâs obligations as merely indirect. Instead, the Larson court viewed the insurer as taking the planâs place as the contracting party. Further, as discussed above, the Larson court made clear that only the obligor may be liable. It also made clear that although â[t]ypically the plan owes the benefits and is the right defendant,â that is not always the case, and is not the case where âan employee-benefits plan is implemented by insurance and the insurance company decides contractual eligibility and benefits questions and pays the claims . . . .â Id. We read that language as saying that in suchÂ circumstances, the only obligor is the insurer. We therefore respectfully disagree with the district courtâs analysis in OSF.

 Â¶34Â Â Â Â Â Â Â  We reject Ms. Burtonâs contention that the affidavit she submitted with her opposition to the planâs summary judgment motion established a genuine issue of material fact as to whether the plan is an obligor. In that affidavit, she asserted that she was entitled to benefits â[u]nder the terms of the plan.â But the plan document and Ms. Gallegosâs affidavit make it clear that only Unum was the obligor under the plan. Ms. Burtonâs conclusory affidavit did not create a genuine issue of fact as to the identity of the obligor. See Fritz v. Regents of Univ. of Colo., 196 Colo. 335, 339, 586 P.2d 23, 26 (1978) (âA litigant cannot avoid summary judgment by merely asserting a legal conclusion without evidence to support it.â); Olson v. State Farm Mut. Auto. Ins. Co., 174 P.3d 849, 858 (Colo. App. 2007) (â[W]hen a response to a motion for summary judgment or an accompanying affidavit states conclusions on ultimate issues without including facts that tend to prove or disprove the allegations made in the motion for summary judgment, it is insufficient to give rise to genuine issues of fact.â).

 Â¶35Â Â Â Â Â Â Â  

 Â¶36Â Â Â Â Â Â Â  We therefore conclude that the district court did not err in granting summary judgment for the plan on Ms. Burtonâs ERISA benefits claim.

 IV. Conclusion

 The order and judgment are affirmed.

 JUDGE BERNARD and JUDGE ROTHENBERG concur.


 Â 

 [1] The default judgment ordered the plan to pay Ms. Burton $27,859.80 (plus interest) in âback benefitsâ and $601.30 per month from May 27, 2007, until Ms. Burton reaches age 65, and awarded her attorney fees.




These opinions are not final. They may be modified, changed or withdrawn in accordance with Rules 40 and 49 of the Colorado Appellate Rules. Changes to or modifications of these opinions resulting from any action taken by the Court of Appeals or the Supreme Court are not incorporated here. 



Colorado Court of Appeals Opinions || August 13, 2015


Back