24CA1187 Estate of Boyd v Duncan 08-21-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1187
Montrose County District Court No. 23CV35
Honorable Mary E. Deganhart, Judge

---

Estate of Billy Ray Boyd,

Plaintiff-Appellee,

v.

Deborah Duncan,

Defendant-Appellant.

---

JUDGTMENT AFFIRMED

Division IV
Opinion by JUDGE FREYRE
Gomez and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced August 21, 2025

---

Schwartz, McMinimee & Andrew, LLC, Marcie R. McMinimee, Emily L.
McDaniel, Denver, Colorado, for Plaintiff-Appellee

Coleman & Quigley, LLC, Joseph Coleman, Isaiah Quigley, Stuart R. Foster,
Grand Junction, Colorado, for Defendant-Appellant

¶ 1    In this forcible entry and detainer (FED) action, defendant, Deborah Duncan, appeals the district court's order granting plaintiff, the Estate of Billy Ray Boyd (the Estate), judgment for possession.  Because we conclude that Duncan's contentions are unpreserved, we affirm.

## I.    Background

¶ 2    This appeal is a continuation of Duncan's disagreement with the rulings in a previous case, Montrose County Case No. 19PR30008, and her subsequent appeal, *Est. of Boyd v. McMinimee*, (Colo. App. No. 23CA1589, May 10, 2024) (unpublished order).  Other than generally summarizing the previous dispute and appeal, we present only those facts necessary to establish context.

¶ 3    Boyd, the decedent, died on January 19, 2019.  In February 2019, Duncan filed an application for informal probate of will[1] and appointment of personal representative (PR).  Duncan was appointed as PR.  In March 2019, Duncan conveyed a property

---

[1] Along with her application, Duncan filed a document titled "Personal Wishes."  In its March 23, 2022, order, the court found that the document was not a valid will and that Boyd died intestate.  Because neither the will nor its validity is at issue in this appeal, we do not address it further.

located in Montrose (the Property) to herself as the PR of the Estate (the PR Deed).

¶ 4    In Case No. 19PR30008, Duncan filed a motion to re-open the Estate, alleging a dispute over a bank account. Following a hearing, the court removed Duncan as the PR. Marcie McMinimee was appointed as successor personal representative.

¶ 5    In June 2022, McMinimee filed a petition to recover real property that Duncan had conveyed to herself while acting as PR (the June 2022 Petition).[2] Duncan did not file a response. In November 2022, the court entered an order granting the petition, finding that Duncan, although acting as the PR at the time the deeds were conveyed, had intentionally misrepresented material facts to be appointed as the PR and that as the PR, she had acted for her own benefit and not the benefit of the true heirs of the Estate (the November 2022 Order). The court then voided the PR Deed, set aside the conveyance, and restored title in the Property to the Estate. In December 2022, Duncan filed a response to the June

---

[2] The June 2022 Petition and November 2022 Order involve two properties. Because the other property is not at issue in this appeal, we do not address it.

2022 Petition. In a March 2023 order, the court found that Duncan's response was not timely filed and took no further action.

¶ 6    In September 2023, Duncan appealed the district court's November 2022 Order. Another division of this court dismissed Duncan's appeal with prejudice as untimely filed.[3] *Est. of Boyd*, No. 23CA1589.

¶ 7    This appeal concerns the Property. In the summer of 2023, Duncan lived at the Property as a tenant at will. On September 11, 2023, the Estate served Duncan with a notice to quit, notifying her that her tenancy was terminated as of September 15, 2023. Duncan remained on the property. The Estate then filed an FED action. In her answer and counterclaim, Duncan asserted that she was the owner of the Property based on the PR Deed. Duncan also argued that the county court lacked jurisdiction over the matter because the merits of the Estate's ownership of the Property was the subject of a current appeal in Case No. 23CA1589.

---

[3] We can take judicial notice of the contents of court records in a related proceeding. *People v. Sa'ra*, 117 P.3d 51, 56 (Colo. App. 2004).

¶ 8    The county court transferred the matter to the district court, finding that it lacked jurisdiction over matters affecting the title of real property.  *See* § 13-6-105(1)(e), C.R.S. 2024 (county courts have no jurisdiction over matters "affecting boundaries or title to real property").

¶ 9    The district court held a one-day bench trial on May 2, 2024. It then issued an order dated May 20, 2024 (FED Order) in which it found:

- The Estate owned the Property.

- A notice to quit was properly served on Duncan.

- Duncan continued to occupy the Property and committed an unlawful detainer of the Property.

- The Estate was entitled to possession of the Property.

¶ 10    The district court found that Duncan had failed to prove her asserted counterclaims of unjust enrichment or intentional infliction of emotional distress by a preponderance of the evidence and dismissed both claims with prejudice.  The court also found that there was insufficient evidence to support Duncan's affirmative defense that the court lacked jurisdiction to hear this matter,

particularly because, at that point, this court had dismissed Case No. 23CA1589 with prejudice.[4]

¶ 11    Duncan appeals the May 2024 FED Order.

## II.    Duncan's Contentions are Unpreserved

¶ 12    The Estate contends that Duncan's arguments are unpreserved because Duncan failed to cite the record or any issues related to the court's FED Order, in violation of C.A.R. 28(a)(7)(A) (appellant must state whether the issue was preserved, and if it was preserved, the precise location in the record where the issue was raised and where the court ruled).  We agree that Duncan's contentions are unpreserved.

¶ 13    On appeal, Duncan raises the following claims:

> a. Lack of standing and no injury in fact?
> b. Denial of [Duncan's] due process right to be heard on the merits, before [Duncan] loses rights and property on account of a judgment entered against her prior to being afforded a right to answer a complaint?
>    i.  Do rules of procedure give [Duncan] an unconditional right to prior notice and right to be heard by filing an Answer before the Probate Court, on the purported basis of the absence of a filed

---

[4] Duncan later filed a petition for writ of certiorari that the supreme court denied in January 2025.  *Boyd v. McMinimee*, (Colo. No. 24SC446, Jan. 13, 2025) (unpublished order).

5

response deny [Duncan] any meaningful opportunity to respond to the New PR's [June 2022] Petition?

    ii.    Did striking *unspecified and non-disclosed* parts of [Duncan] timely filed Rule 12 Motion to Dismiss (and then falsely stating that [Duncan] had failed to file *any* response) violate various rights given to [Duncan] by the Colorado Rules of Probate Procedure (which are to be enforced in accord with their unambitious terms) resulting in an unconditional taking without just compensation?

c. Did the Probate Court err in denying [Duncan] C.R.C.P. 54(b) request for certification of finality [of the November 2022 Order] while adding the New PR's C.R.C.P. 70 post final judgment collection efforts that depended on [the November 2022 Order being a final order]?

d. Did the Montrose County Probate Court lack jurisdiction and proper venue to adjudicate issue[s] involving [Duncan's] San Miguel County real property?  And, if not, is [Duncan] entitled to recover her attorney fees from the attorneys for the new PR and Pamela Barrett . . . ?[5]

e. Did the Probate Court misapply the concepts of res judicata and collateral estoppel to resolve the claims in the [June 2022] Petition without any factual presentation or trial[]?

f. Did the Probate Court err in allowing the New PR and Barrett (though her attorney) to annul Billy Boyd's . . . Marriage and void his Will, rather than dismiss such claims for lack of standing (and thus of jurisdiction)?

---

[5] Pamela Barrett was a party in Case No. 19PR30008.  She is not a party in the current appeal.

g. Does [Duncan] face the risk of irreparable harm following the Probate Court's refusal to certify this matter pursuant to C.R.C.P. 54(b) (which would have allowed for a timely appeal before post-final judgment proceedings were utilized[)]?

h. Does a pre-existing appeal (now in the Colorado Supreme Court, case number 2024SC446), deprive the Probate and this Court of jurisdiction to proceed in either the probate case or in of [sic] this appeal? If so, does this jurisdiction defect void all Probate Court proceeding since the September 12, 2023 filing of a notice of appeal?

i. Considering that [Boyd] died on 1/9/2019, do non-claim statutes (C.R.S. 15-10-1004 and 15-10-1006) bar consideration of claims by claimants, descendants and the new PR?

¶ 14    Further, the "Argument" section of Duncan's opening brief contains claims relating to

- the bank account issue in Case No. 19PR30008; and

- the status of Boyd and Duncan's marriage at the time of Boyd's death.

¶ 15    Other than one sentence asserting that this court and the district court lacked jurisdiction to enter "any judgments against"

her, the "Argument" section does not mention or address the FED Order in any capacity.[6]

¶ 16    We do not address arguments that were not previously raised in or decided by a lower court. *In re Estate of Ramstetter*, 2016 COA 81, ¶ 64. Although no "talismanic language" is required to preserve an issue, the district court must have been presented with the same argument raised on appeal and given an opportunity to make a ruling. *In re Estate of Owens*, 2017 COA 53, ¶ 21 (an issue that is brought to the district court's attention is preserved when the court rules on it). "Thus, only in a 'rare' civil case, involving 'unusual or special' circumstances — and even then, only 'when necessary to avert unequivocal and manifest injustice' — will an appellate court reverse based on an unpreserved claim of error." *Wycoff v. Grace Cmty. Church of Assemblies of God*, 251 P.3d 1260, 1269 (Colo. App. 2010) (quoting *Harris Grp., Inc. v. Robinson*, 209 P.3d 1188, 1195 (Colo. App. 2009)).

---

[6] The opening brief states: "Even if Mrs. Ducan-Boyd [sic] had consented to the Probate Court's jurisdiction relative to the 6/9/2022 Petitions (which she did not), the Probate Court lacked (and this Court lacks) jurisdiction to enter any judgment against [Duncan] for any (and possibly all) of the means stated in the Brief."

8

¶ 17    Duncan's contentions relate entirely to the November 2022 Order contesting the June 2022 Petition and do not relate to the FED Order. Besides cursorily listing the FED Order as the basis of the appeal, the FED Order is not referenced again, or challenged, in the entirety of Duncan's briefing. The district court was not presented with issues related to the November 2022 Order that Duncan now asserts and did not rule on them. *See In re Estate of Owens*, ¶ 21 (an issue that is brought to the district court's attention is preserved when the court rules on it). Therefore, Duncan's contentions are not properly before us. Further, Duncan does not point to any extraordinary circumstances, nor do we perceive any from our review of the record, that would necessitate reversal. Accordingly, we do not further address Duncan's contentions.

¶ 18    We are not persuaded by Duncan's assertion that because the district court lacked jurisdiction when it issued the November 2022 Order, it thereby lacked jurisdiction to consider the June 2022 Petition. Specifically, Duncan contends that Barrett lacked standing to challenge Boyd's marriage and his will because the statute of repose barred Barrett from making such challenges.

According to Duncan, the November 2022 Order is therefore void and prevents any further orders, including the FED Order, from being valid.

¶ 19    Issues of subject matter jurisdiction can be raised for the first time on appeal. *Herr v. People*, 198 P.3d 108, 111 (Colo. 2008). A judgment rendered without jurisdiction is void and may be attacked directly or collaterally. *In re Marriage of Stroud*, 631 P.2d 168, 170 (Colo. 1981). However, "[i]n the interest of finality, the concept of void judgments is narrowly construed 'and does not include irregular or erroneous applications of law.'" *Arvada 1st Indus. Bank v. Hutchison*, 15 P.3d 292, 294 (Colo. App. 2000) (quoting *King v. Everett*, 775 P.2d 65, 67 (Colo. App. 1989)); *see also Monaghan Farms, Inc. v. City & Cnty. of Denver*, 807 P.2d 9, 18-19 (Colo. 1991) (an erroneous application of law may render a judgment vulnerable to reversal on appeal but doesn't render it lacking in jurisdiction or make it subject to a collateral attack). As explained by the supreme court:

> Judgments may be irregular, erroneous or void. An irregular judgment is one rendered contrary to the method of procedure and practice allowed by the law in some material respect. An erroneous judgment is one

> rendered in accordance with the method of procedure and practice allowed by the law, but contrary to the law.
>
> Irregular and erroneous judgments necessarily retain their force and have effect until modified by the trial court in consequence of its authority in certain circumstances, or until vacated pursuant to new trial procedures, or until reversed by an appellate court in review proceedings. Such judgments are subject only to direct attack; they are not vulnerable to collateral assault.

*Davidson Chevrolet, Inc. v. City & Cnty. of Denver*, 330 P.2d 1116, 1118 (Colo. 1958) (citations omitted).

¶ 20    Here, Duncan's arguments regarding the district court's earlier orders suggest that the orders may have been irregular or erroneous. Duncan had an opportunity to directly challenge those irregularities in this court by filing a timely notice of appeal of the November 2022 Order, but she did not do so. She cannot, as part of this proceeding, collaterally attack that prior order as a basis for challenging the court's FED Order. *See Closed Basin Landowners Ass'n v. Rio Grande Water Conservation Dist.*, 734 P.2d 627, 637 (Colo. 1987) ("[A] judgment entered within the jurisdiction of the court, even though wrong, is not subject to collateral attack.").

¶ 21 Moreover, while the issue of jurisdiction may be raised at any time, a party's brief must identify the "precise location in the record where the issue was raised and where the court ruled." C.A.R. 28(a)(7)(A). We will also not "consider undeveloped and unsupported arguments." *Woodbridge Condo. Ass'n v. Lo Viento Blanco, LLC*, 2020 COA 34, ¶ 41 n.12, *aff'd*, 2021 CO 56. While Duncan provides citations to legal authorities relating to jurisdictional limits, she did not identify any portion of the record that supports her jurisdictional claim. Duncan's bare assertion (at the beginning of the brief) that the court entered the FED Order without jurisdiction because it relied on previous orders that were entered without jurisdiction, along with her conclusion (at the end of the brief) that "[a]ll issues relate to jurisdiction," is not adequate. It is not the duty of the reviewing court to search the record for evidence to support bald assertions. *See Mauldin v. Lowery*, 255 P.2d 976, 977 (Colo. 1953); *In re Marriage of Miller*, 888 P.2d 317, 319 (Colo. App. 1994), *aff'd in part and rev'd in part*, 915 P.2d 1314 (Colo. 1996). Therefore, we do not further consider Duncan's jurisdictional claim.

### III.   Disposition

The judgment is affirmed.

JUDGE GOMEZ and JUDGE MEIRINK concur.