**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LAURA A. CYR,
                *Plaintiff-Appellee,*

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY, an Illinois
corporation,
                *Defendant-Appellant.*

No. 07-56869

D.C. No.
CV-06-01585-DDP

LAURA A. CYR,
                *Plaintiff-Appellee,*

v.

RELIANCE STANDARD LIFE
INSURANCE COMPANY, an Illinois
corporation,
                *Defendant-Appellant,*

and

CHANNEL TECHNOLOGIES, INC.
GROUP LONG TERM DISABILITY
INSURANCE PROGRAM, an employee
benefit plan; CHANNEL
TECHNOLOGIES, INC., in its capacity
as Administrator of the Channel
Technologies Inc. Group Long
Term Disability Program,
                *Defendants.*

No. 08-55234

D.C. No.
CV-06-01585-DDP

OPINION

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

8495

Argued and Submitted
March 22, 2011—San Francisco, California

Filed June 22, 2011

Before: Alex Kozinski, Chief Judge, Mary M. Schroeder,
Stephen Reinhardt, Sidney R. Thomas, Barry G. Silverman,
Raymond C. Fisher, Marsha S. Berzon, Richard R. Clifton,
Jay S. Bybee, Milan D. Smith, Jr., and N.R. Smith,
Circuit Judges.

Opinion by Judge Clifton

**COUNSEL**

Michael B. Bernacchi (argued) and Keiko J. Kojima, Burke, Williams & Sorensen, LLP, Los Angeles, California, for defendant-appellant Reliance Standard Life Insurance Co.

Joseph A. Garofolo (argued), San Francisco, California, and Joseph A. Creitz, San Francisco, California, for plaintiff-appellee Laura A. Cyr.

Stacey E. Elias (argued), Trial Attorney, Gregory F. Jacob, Solicitor of Labor, Timothy D. Hauser, Associate Solicitor, Elizabeth Hopkins, Counsel, Department of Labor, Washington, DC, for amicus curiae Secretary of Labor.

**OPINION**

CLIFTON, Circuit Judge:

We agreed to hear this case en banc in order to reconsider our precedent as to which parties may be sued as defendants in actions for benefits under 29 U.S.C. § 1132(a)(1)(B), part of the Employee Retirement Income Security Act, better known as ERISA. Some of our previous decisions have indicated that only a benefit plan itself or the plan administrator of a benefit plan covered under ERISA is a proper defendant in a lawsuit under that provision. We conclude that the statute does not support that limitation, however, and that an entity other than the plan itself or the plan administrator may be sued under that statute in appropriate circumstances. We overrule our prior decisions to the contrary. To apply that decision and to resolve other issues raised in this appeal, we transfer the case back to the three-judge panel to which this case was previously assigned.

## I. Background

Plaintiff Laura Cyr was employed by Channel Technologies, Inc. ("CTI"). CTI provided its employees with long term

disability benefits under a program insured by defendant Reliance Standard Life Insurance Company ("Reliance"). Reliance effectively controlled the decision whether to honor or to deny a claim under the program. Reliance was not identified as the plan administrator, however.

Cyr was terminated from her position as a vice president of CTI in October 2000. She immediately filed a claim for long term disability benefits based on a back condition. Reliance approved the payment of benefits based on Cyr's salary of $85,000 and paid those benefits thereafter.

The following year Cyr filed a civil suit against CTI alleging gender discrimination based on unequal pay. She contended that prior to her termination, her annual salary had been approximately half the annual salary of male employees of the company performing work of equal skill, effort, and responsibility. Cyr and CTI eventually entered into a settlement agreement under which her salary was retroactively adjusted to $155,000, effective one week prior to her termination date. An attorney for Cyr contacted a representative of Reliance to ask whether Reliance would increase Cyr's benefits based on this retroactive salary adjustment. Reliance acknowledged that its representative indicated that Cyr's additional benefits would be paid if the adjustment in salary was bona fide. Thereafter, however, Reliance declined to pay benefits in an increased amount based upon the higher salary figure. Cyr communicated with Reliance on several occasions to seek payment of the increased benefits and provided information supporting her request, including information that had been requested by Reliance's representative. Reliance did not respond, apparently because the claim file was lost, but Reliance never paid the increased benefits.

Cyr filed this action to pursue her claim for increased benefits. She asserted three claims. The first was a claim under 29 U.S.C. § 1132(a)(1)(B), against Reliance, the CTI Group Long Term Disability Benefit Program (the "Plan"), and CTI

as the plan administrator for the Plan. Cyr's second claim, against Reliance and the Plan, was that those defendants were equitably estopped from denying the increased benefits. The third claim, against Reliance, was for breach of fiduciary duty. Defendants denied the claims.

Reliance brought a motion for summary judgment. The district court granted the motion as to Cyr's ERISA statutory claim, concluding that under our court's decisions, only the plan or plan administrator could be held liable under the statute. Thus, a third-party insurer like Reliance was not a proper defendant for such a claim.

The district court later changed its mind in response to the parties' supplemental briefing and ultimately entered summary judgment on the ERISA claim in favor of Cyr. The district court concluded that our caselaw "left room for suits against insurers so long as they are functioning as the plan administrator," a description the court held applied to Reliance. The district court also held that because Reliance had lost the entire administrative record, most of its defenses were waived and most of the evidence that Reliance sought to introduce would not be considered. The court later awarded Cyr attorneys' fees in the amount of $384,052, costs, and prejudgment interest at a set rate from a specified date.

Reliance filed a timely notice of appeal. In addition to arguing that it was not a proper defendant for a claim under section 1132(a)(1)(B), Reliance presented a number of additional arguments, which we do not address.

Cyr petitioned for an initial hearing en banc, under Rule 35(b)(1)(B) of the Federal Rules of Appellate Procedure. The Secretary of Labor filed an amicus brief in support of Cyr's petition. No judge requested a vote to hear the case initially en banc, however, so the request was denied and the case was assigned to a panel of three judges, which heard oral argument in October 2009.

Following that argument but prior to any decision by the three-judge panel, we revisited the question of whether the case should be considered by the court en banc. After obtaining supplemental briefs from the parties on that subject, we agreed, upon the vote of a majority of nonrecused active judges, to hear the case en banc.

Prior to oral argument before the en banc panel, we ordered the parties to "limit their discussion to whether appellant is a proper defendant in a suit for benefits under 29 U.S.C. § 1132(a)(1)(B) even though it isn't a plan or a plan administrator."

## II. Discussion

[1] The specific statute involved in this action, 29 U.S.C. § 1132(a)(1)(B), provides that:

> A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

As a participant in the Plan, Cyr is authorized under this provision to bring a civil action to recover benefits and to enforce and clarify her rights under the Plan. By its terms, § 1132(a)(1)(B) does not appear to limit which parties may be proper defendants in that civil action. Nor has the Secretary of Labor promulgated a regulation setting out such limits.

This provision falls within a section of the ERISA statute entitled "Civil enforcement." 29 U.S.C. § 1132. Subsection 1132(a) bears the heading "Persons empowered to bring a civil action." Viewed as a whole, § 1132(a) appears to provide a comprehensive listing of which parties can bring which types of civil actions under ERISA. It contains ten numbered subsections, one of which, § 1132(a)(1), has two subparts, (A)

and (B). Those individual subsections and subparts identify eleven kinds of actions, and each subsection clearly identifies who can bring a lawsuit under that subsection. Section 1132(a)(2), for example, provides that an action may be brought by the Secretary of Labor or by a participant, beneficiary, or fiduciary of a particular plan for relief under 29 U.S.C. § 1109, which establishes liability for breach of fiduciary duty. There are no limits stated anywhere in § 1132(a) about who can be sued, however.

The Supreme Court addressed the question of who can be sued under a different subsection of § 1132(a), specifically § 1132(a)(3), in *Harris Trust & Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238 (2000). That subsection authorized a civil action "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). Fiduciaries of a pension trust covered by ERISA sued Salomon Smith Barney, a broker-dealer that was not a fiduciary of the trust, for allegedly having caused the trust to enter into a transaction prohibited by another section of ERISA. Salomon argued that it was not a proper defendant, but the Supreme Court disagreed and held in an unanimous opinion that Salomon was subject to suit under § 1132(a)(3). *Id.* at 254.

*Harris Trust* presented a more complicated question than our case does. Salomon was alleged to be liable for engaging in a transaction prohibited by another section of ERISA, 29 U.S.C. § 1106(a)(1)(A). By its terms, § 1106(a) only imposed a duty on a fiduciary, and Salomon was not a fiduciary of the pension trust. Most of the discussion in that opinion pertained to whether a non-fiduciary could nonetheless be held liable under § 1132(a)(3), and the Court concluded that it could.

**[2]** What matters for our purposes is that the Court rejected the suggestion that there was a limitation contained within

§ 1132(a)(3) itself on who could be a proper defendant in a lawsuit under that subsection. In so holding, the Court observed that:

> [Section 1132(a)(3)] makes no mention at all of which parties may be proper defendants—the focus, instead, is on redressing the "*act or practice* which violates any provision of [ERISA Title I]." 29 U.S.C. § 1132(a)(3) (emphasis added). Other provisions of ERISA, by contrast, do expressly address who may be a defendant. See, *e.g.*, § 409(a), 29 U.S.C. § 1109(a) (stating that "[*a*]*ny person who is a fiduciary* with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable" (emphasis added)); § 502(*l*), 29 U.S.C. § 1132(*l*) (authorizing imposition of civil penalties only against a "fiduciary" who violates part 4 of Title I or "any other person" who knowingly participates in such a violation). And § 502(a) itself demonstrates Congress' care in delineating the universe of *plaintiffs* who may bring certain civil actions. See, *e.g.*, § 502(a)(3), 29 U.S.C. § 1132(a)(3) ("A civil action may be brought . . . *by a participant, beneficiary, or fiduciary* . . ." (emphasis added)); § 502(a)(5), 29 U.S.C. § 1132(a)(5) ("A civil action may be brought . . . *by the Secretary* . . ." (emphasis added)).

*Id.* at 246-47.

**[3]** In short, the Court did not find a limit in § 1132(a)(3) as to who could be sued. We see no reason to read a limitation into § 1132(a)(1)(B) that the Supreme Court did not perceive in § 1132(a)(3).

**[4]** Our conclusion that potential defendants in actions brought under § 1132(a)(1)(B) should not be limited to plans

and plan administrators is supported by a related section of the statute. Section 1132(d)(2) provides that "[a]ny money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter." The "unless" clause necessarily indicates that parties other than plans can be sued for money damages under other provisions of ERISA, such as § 1132(a)(1)(B), as long as that party's individual liability is established.

**[5]** It is not enough to identify a plan administrator as a potential defendant, in addition to the plan itself. A plan administrator under ERISA has certain defined responsibilities involving reporting, disclosure, filing, and notice. *See* 29 U.S.C. §§ 1021, 1024, 1132(c), 1166. But the plan administrator can be an entity that has no authority to resolve benefit claims or any responsibility to pay them. In this case, for example, CTI was identified as the plan administrator, but it had nothing to do with denying Cyr's claim for increased benefits. Reliance denied Cyr's request for increased benefits even though, as the plan insurer, it was responsible for paying legitimate benefits claims. Reliance is, therefore, a logical defendant for an action by Cyr to recover benefits due to her under the terms of the plan and to enforce her rights under the terms of the plan, which is precisely the civil action authorized by § 1132(a)(1)(B).

## III.   Conclusion

**[6]** We conclude, therefore, that potential liability under 29 U.S.C. § 1132(a)(1)(B) is not limited to a benefits plan or the plan administrator. Reliance is a proper defendant in a lawsuit brought by Cyr under that statute. Any statements or suggestions to the contrary in our prior decisions, including *Ford v. MCI Communications Corp. Health & Welfare Plan*, 399 F.3d 1076, 1081 (9th Cir. 2005); *Everhart v. Allmerica Finan-*

*cial Life Insurance Co.*, 275 F.3d 751, 756 (9th Cir. 2001); *Spain v. Aetna Life Insurance Co.*, 13 F.3d 310, 312 (9th Cir. 1993); and *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323 (9th Cir. 1985), are overruled.

Implementing this conclusion in this case and resolving the other issues raised in this appeal does not require the participation of this en banc panel. The case is therefore transferred back to the previously assigned three-judge panel for further consideration and action consistent with this opinion.

**TRANSFERRED TO PREVIOUSLY ASSIGNED THREE-JUDGE PANEL**.