
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA A. CYR, | No. 07-56869 |
| Plaintiff - Appellee, | D.C. No. CV-06-01585-DDP |
| v. | |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, an Illinois corporation, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| LAURA A. CYR, | No. 08-55234 |
| Plaintiff - Appellee, | D.C. No. CV-06-01585-DDP |
| v. | |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, an Illinois corporation, | |
| Defendant - Appellant, | |
| and | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

CHANNEL TECHNOLOGIES, INC.
GROUP LONG TERM DISABILITY
INSURANCE PROGRAM, an employee
benefit plan; CHANNEL
TECHNOLOGIES, INC., in its capacity as
Administrator of the Channel
Technologies Inc Group Long Term
Disability Program,

Defendants.

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted October 6, 2009
Ordered to be Heard En Banc December 2, 2010
Transferred to Three-Judge Panel June 22, 2011
Pasadena, California

Before: W. FLETCHER and CLIFTON, Circuit Judges, and POLLAK, Senior
District Judge.[**]

Reliance Standard Life Insurance Company appeals the district court's grant

of summary judgment and attorneys' fees to Laura Cyr in her action for retroactive

benefits under the Employee Retirement Income Security Act. An en banc panel

of this court held that Reliance was a proper defendant under 29 U.S.C.

§ 1132(a)(1)(B). *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir.

---

[**] The Honorable Louis H. Pollak, Senior District Judge for the U.S.
District Court for Eastern Pennsylvania, Philadelphia, sitting by designation.

2

2011) (en banc).  The case was transferred back to this panel for disposition of the remaining issues.  We affirm.

We review *de novo* whether Cyr was entitled to retroactive disability benefits under the terms of the benefit plan.  *See Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 624 (9th Cir. 2007).  Under the plan, benefits were payable based on "covered monthly earnings," which were defined as "salary *received* from [the employer] on the day just before the date of Total Disability" (emphasis added).  The plan also required that the insured be "actively at work on the date of the change."

The term "received" is not defined in the plan, but the term can reasonably be construed to encompass a salary retroactively acquired on a particular date.  *See Blankenship*, 486 F.3d at 624-25 (ruling that the term "receives" is ambiguous and applying the rule of *contra proferentem* to adopt an interpretation most favorable to the insured).  It is undisputed that Cyr was actively at work on October 1, 2000, the date to which the salary increase was retroactively applied.  Therefore, absent other defenses, Reliance was obliged to provide retroactive benefits.

The district court did not abuse its discretion in declining to reach Reliance's remaining defenses:  unclean hands and absence of a bona fide wage adjustment.  Although the underlying circumstances may arouse suspicion, Reliance failed to

3

communicate these particular concerns to Cyr during the administrative process, and Cyr was unable to respond to its concerns. There was no "meaningful dialogue" between Reliance and Cyr as required under ERISA. *See Booton v. Lockheed Med. Benefit Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997). The administrative record was therefore not developed on these grounds.

Allowing Reliance to present these defenses for the first time would have required the district court to consider evidence outside the administrative record, which the district court should not do unless "circumstances *clearly establish* that additional evidence is *necessary* to conduct an adequate de novo review of the benefit decision." *Opeta v. Nw. Airlines Pension Plan*, 484 F.3d 1211, 1217 (9th Cir. 2007) (citation omitted). Here, Reliance's benefit decision was apparently not based on Cyr's alleged "unclean hands" or any conclusion that the wage adjustment was not bona fide. Indeed, the only clear response from Reliance in the record indicated simply that its own reinsurer did not wish to pay the benefits. Any evidence related to Reliance's two new defenses was therefore not necessary to review the actual decision Reliance made during the administrative process, and the district court did not abuse its discretion in excluding it. *See id.* at 1217-18.

Moreover, the court did not abuse its discretion in excluding evidence related to settlement discussions under Federal Rule of Evidence 408. *See Cassino*

4

*v. Reichhold Chems., Inc.*, 817 F.2d 1338, 1342 (9th Cir. 1987). Nor was Reliance prejudiced by being prohibited from introducing evidence related to defenses it was not entitled to raise to the district court in the first instance.

Finally, the district court properly exercised its discretion in awarding attorneys' fees. The court carefully examined the time sheets and determined that the awarded time was reasonable and related to litigating the ERISA claim, including those hours logged for work involving the pre-litigation administrative process. *See Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 987-88 (9th Cir. 2001) (noting that courts may award pre-litigation fees under ERISA for "efforts directed toward the filing of the litigation"). The court set the hourly rates after determining the prevailing rate for ERISA attorneys and evaluating the ability and reputation of the attorneys. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007). We review a district court's award of fees deferentially, *see id.* at 946, and we find no error.

**AFFIRMED.**