

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN SENDER, | No. 13-15502 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-03828-EMC |
| v. | |
| FRANKLIN RESOURCES, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Argued and Submitted May 15, 2015
San Francisco, California

Before: PAEZ and CLIFTON, Circuit Judges and DUFFY,[**] District Judge.

Plaintiff John B. Sender appeals the judgment of the district court in favor of

defendant Franklin Resources, Inc.  We reverse and remand for further

proceedings.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Sender's claim under Cal. Corp. Code § 419(b) was not preempted by ERISA. The duty under that statute to replace a lost stock certificate is placed on the corporation issuing the shares. Franklin does not dispute that the certificate should have been delivered to Sender. There is evidence that Franklin recognized Sender as the owner of the shares that were formerly in his Employee Stock Option Plan ("ESOP") account. It issued to him and received back from him proxy cards in 1983 and 1984, and it also paid him dividends, at least in 1983. Like any shareholder, Sender can seek replacement of a lost certificate. That claim does not require any interpretation of plan terms. The duty of Cal. Corp. Code § 419(b) is independent from ERISA, and the claim under that statute is not preempted. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). As long as there remains a claim under ERISA, however, the district court can exercise supplemental jurisdiction over the Cal. Corp. Code § 419(b) claim and need not remand it to state court, as the claim arises from the same "case or controversy" as the ERISA claim. 28 U.S.C. § 1367(a). On remand, the district court is instructed to permit Sender to amend his complaint to include his claim under Cal. Corp. Code § 419(b).

The district court erred in granting judgment on the pleadings for the ERISA claim on the ground that Franklin was not a proper defendant. Unlike the usual

2

ERISA case, involving a dispute over the entitlement to benefits under a plan, it is not disputed that the shares in question should have been distributed to Sender or that the shares belonged to Sender after the ESOP was wound up. Franklin's position is that the stock certificate was sent to Sender. If there was a failure in accomplishing that task, the responsibility for that failure would logically rest with the plan administrator. The cover letter that supposedly accompanied the stock certificate was on Franklin letterhead, and the committee identified as the plan committee does not appear to have been a legal entity separate from Franklin. At the pleadings stage, Sender's claim that Franklin should be held responsible as the administrator was not implausible. A plan administrator can be a proper defendant in an ERISA claim. *See Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1203–04 (9th Cir. 2011) (en banc).

Moreover, a claim under ERISA may be stated against parties other than the plan or the plan administrator. *Id.* at 1207. Based on the circumstances alleged here, Franklin was a logical defendant, even if it might not have been the plan administrator. There is no claim that the shares are still held by the ESOP, or that the benefit plan still exists as a separate legal entity. If something improper happened to deprive Sender of those shares, Franklin might be the responsible party.

We reverse the grant of summary judgment because there is a genuine dispute of material fact. The summary judgment rested upon the district court's conclusion that Sender knew or should have known that his stock certificate had not been delivered in the mid-1980's based upon the evidence of the signed proxy cards and the receipt by him of dividend payments. In light of other facts, including Sender's ownership of other shares with his wife and the small amount of the dividend payments, we conclude that a reasonable trier of fact could find, to the contrary, that it was not the case that Sender knew or should have known of his claim at that time.

**REVERSED and REMANDED.**