**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIANA C. ANDERSON,<br><br>                Plaintiff - Appellant,<br><br>        v.<br><br>SUN LIFE ASSURANCE OF CANADA,<br>INC. And COMMUNITY HEALTH<br>SYSTEMS INCORPORATED,<br><br>                Defendants - Appellees. | No. 13-17594<br><br>D.C. No. 4:12-cv-00145-CKJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted March 15, 2016
San Francisco, California

Before: McKEOWN, WARDLAW, and TALLMAN, Circuit Judges.

Diana Anderson appeals from the summary judgment entered in favor of

Sun Life Assurance Co. ("Sun Life") and CHS/Community Health Systems, Inc.

("CHS"). Sun Life served as the claims administrator for an employee welfare

---

        [*]        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

benefit plan ("Plan") in which Anderson participated, and CHS served as the plan administrator. Anderson brought this action for declaratory and equitable relief pursuant to 29 U.S.C. § 1132(a)(1)(B), a provision of the Employee Retirement Income Security Act of 1974 ("ERISA").[1] Anderson contends CHS and Sun Life improperly denied her long-term partial disability benefits to which she was entitled under an insurance policy ("Policy") that funded certain benefits for the Plan.

We review de novo the district court's decision on cross-motions for summary judgment. *Barboza v. Cal. Ass'n of Prof'l Firefighters*, 799 F.3d 1257, 1263 (9th Cir. 2015). Likewise, in the absence of a discretionary clause, we review de novo the claims administrator's interpretation of the Policy and decision to deny benefits. *Standard Ins. Co. v. Morrison*, 584 F.3d 837, 840 (9th Cir. 2009). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse in part and remand.

1.     The district court correctly entered judgment in favor of CHS. "[P]roper defendants under § 1132(a)(1)(B) for improper denial of benefits at least include ERISA plans, formally designated plan administrators, insurers or other entities responsible for payment of benefits, and de facto plan administrators that

---

[1]     Anderson does not appeal the dismissal of her claim for statutory damages under 29 U.S.C. § 1132(c).

2

improperly deny or cause improper denial of benefits." *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1297 (9th Cir. 2014) (citing *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202 (9th Cir. 2011) (en banc)). It is undisputed that CHS delegated to Sun Life all authority to administer claims, fund benefits, and determine eligibility for long-term disability benefits under the Plan. There was no evidence that, following this delegation, CHS had any involvement in the payment or denial of benefits. Thus, the district court correctly determined that CHS was not a proper defendant.[2]

2. The district court erred in entering summary judgment in favor of Sun Life. Subject to certain exceptions that do not apply, ambiguous terms in an insurance policy governed by ERISA are interpreted in the insured's favor. *Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 625 (9th Cir. 2007).

Construing the interlocking Policy definitions of "Partial Disability," "Material and Substantial Duties," and "Own Occupation," the district court held that for an employee to obtain benefits based on the income she earned from a particular occupation, the Policy unambiguously requires the employee to lose at least 20% of her income at the same time that she becomes unable to perform the duties of her occupation. The court found that Anderson was not eligible for

---

[2] Anderson did not name the Plan as a defendant.

benefits because she became unable to perform the duties of a Registered Nurse in 2008, but did not lose income until August 2009, as the hospital that employed her had placed her in accommodated positions that each paid a full nurse's salary until that time.

We disagree with the district court's conclusion. We conclude that the Policy was ambiguous as to whether it requires that the loss of income and inability to perform the duties of one's occupation occur simultaneously. An equally reasonable construction of the policy terms allows an employee to make a claim for long-term partial disability benefits even if the loss of income occurs after the onset of the inability to perform. Because the Policy was "fairly susceptible" of this interpretation, under which Anderson was eligible for benefits, the district court erred in adopting the more restrictive interpretation. *Id.*[3]

3. Nor is there merit to Sun Life's position that the Policy, effective January 1, 2009, unambiguously prevented Anderson from making a claim based on her injury in 2008. The Policy provides that a covered "Injury" "must occur and any

---

[3] While not dispositive of the result, public policy favors a construction of the Policy that encourages partially disabled individuals to continue working, even at a lower salary. Under Sun Life's construction, a worker has an incentive to withdraw from the workforce when she is injured, rather than risk a claims adjudication that a lower-paid, accommodated position is her "Own Occupation" under the Policy.

4

disability must begin while the Employee is insured under this Policy." As Sun Life acknowledges, at the time Anderson was injured, she was covered under the Policy pursuant to a Continuity of Coverage provision. Sun Life contends coverage under this provision is distinct from eligibility for benefits. However, the definition of "Injury" is ambiguous as to whether the period for which an employee is "insured under this Policy" includes the effective period of the immediately prior policy, to which the Continuity of Coverage provision issued by Sun Life extends coverage. Construing this ambiguity in favor of coverage, *id.*, the definition of "Injury" does not bar Anderson's 2009 claim based on the disabling injury that occurred in 2008.

4.      We remand with instructions to enter summary judgment in favor of Anderson and against Sun Life, and direct the district court to calculate the past and future benefits to which Anderson is entitled.[4]

Each party shall bear its own costs and fees on appeal.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH INSTRUCTIONS.**

---

[4]      Because we remand for a determination of benefits, we need not reach Anderson's claim for breach of fiduciary duty.