**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED



APR 12 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOHNNY TWITTY,

    Petitioner - Appellant,

v.

STATE OF WASHINGTON,

    Respondent,

 And

PATRICK GLEBE,

    Respondent - Appellee.

No. 14-35728

D.C. No. 3:13-cv-05947-BJR

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, Senior District Judge, Presiding

Submitted April 8, 2016[**]
Seattle, Washington

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Twitty attempts to appeal the district court's order denying his habeas corpus petition under 28 U.S.C. § 2254. Because we conclude that he did not timely file a notice of appeal, we lack jurisdiction over the appeal and dismiss.

Twitty was convicted in Washington state court of attempted first-degree murder and first-degree unlawful possession of a firearm. His federal petition alleged ineffective assistance of counsel, a defective jury instruction, insufficiency of the evidence and admission of prejudicial evidence. The district court adopted the magistrate's report and recommendation and entered judgment denying all claims on July 18, 2014. Thirty-two days later, on August 19, 2014, Twitty, acting pro se, signed, dated and deposited in the prison mail (mailing to both the district court and this court) a document entitled, "Certificate of Appealability," stating an intention to appeal the district court's order.[1]

This court determines de novo whether a notice of appeal is timely. *Ford v. MCI Commc'ns Corp. Health & Welfare Plan*, 399 F.3d 1076, 1079 (9th Cir. 2005), *overruled on other grounds in Cyr v. Reliance Std. Life Ins.*, 642 F.3d 1202, 1207 (9th Cir. 2011). The relevant statute clearly requires a notice of appeal to be filed within thirty days after the *entry* of judgment. 28 U.S.C. § 2107(a); *see also* Fed. R. App. P.

---

[1] We construe this document as a Notice of Appeal. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.").

4(a)(1). Filing an appeal within this time period is mandatory and jurisdictional. *See Ray Haluch Gravel Co. v. Central Pension Fund*, 134 S. Ct. 773, 779 (2014). If there is not a timely appeal, the circuit court has no jurisdiction to review the district court order. *See Bowles v. Russell,* 551 U.S. 205, 209-10 (2007); *Browder v. Director, Dep't of Corrections of Illinois*, 434 U.S. 257, 265 (1978).

Pro se prison inmates are given a little flexibility with respect to these requirements under the "prison mailbox rule." *See Houston v. Lack*, 487 U.S. 266 (1988). In such cases, it does not matter the actual date the document is received and filed with the court, so long as the inmate has deposited the notice "in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1) (codifying prison mailbox rule).

Here, however, Twitty cannot avail himself of the mailbox rule because he did not deposit his Certificate of Appealability in the prison mail system until thirty-two days after entry of judgment, or one day late (because thirty days fell on a Sunday). In his response to this court's order, it clearly appears this was because he mistakenly believed he could file an appeal within thirty days of his *receipt* of the judgment, as opposed to what the statute requires – thirty days within district court's *entry* of the judgment. Twitty's appeal is thus untimely, and we must dismiss for lack of jurisdiction.

**DISMISSED.**