Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
February 12, 2018

**2018 CO 11**

**No. 15SC801, <u>Burton v. Colorado Access</u> & No. 16SC163, <u>Olivar v. Public Service Employee Credit Union Long Term Disability Plan</u>—Service of Process—Actions to Recover Benefits—Void Judgments—Parties Liable.**

The Employee Retirement Income Security Act ("ERISA") allows plaintiffs to serve the United States Department of Labor Secretary under 29 U.S.C. § 1132(d)(1) (2016), when an employee-benefit plan has not designated in the summary plan description an "individual" as agent for service of process. In these cases, the supreme court holds that "individual" in § 1132(d)(1) includes a corporation. Therefore, service of process on the Labor Secretary is proper only when a plan fails to designate either a plan administrator or some other person, including a corporation, as agent for service of process. Because the plans in these cases designated corporations as agents for service of process, the petitioners' service on only the Labor Secretary was insufficient. The supreme court further holds that judgments void for lack of service may be set aside at any time. Finally, the supreme court holds that the insurer, not the plan, is the only proper defendant in an ERISA claim for benefits due when the plan's terms provide that only the insurer is obligated to pay and to determine eligibility for benefits. Because the insurers alone were obligated to pay and to determine eligibility for

benefits in these cases, they (not the plans) are the proper party defendants.  Therefore,

the supreme court affirms the judgment of the court of appeals in both cases.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

## 2018 CO 11

### Supreme Court Case No. 15SC801

*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA728

### Petitioner:

Caroline Burton,

v.

### Respondent:

Colorado Access, a/k/a Colorado Access Long Term Disability Plan.

### Judgment Affirmed

*en banc*

\* \* \* \* \*

### Supreme Court Case No. 16SC163

*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 14CA1734

### Petitioner:

Brenda Olivar,

v.

### Respondent:

Public Service Employee Credit Union Long Term Disability Plan.

### Judgment Affirmed

*en banc*
February 12, 2018

**Attorneys for Petitioners:**
The Murphy Law Firm
Brian A. Murphy
Adam B. Kehrli
 *Wheat Ridge, Colorado*

**Attorneys for Respondents:**
Holland & Hart LLP
Michael S. Beaver
  *Greenwood Village, Colorado*

**JUSTICE HOOD** delivered the Opinion of the Court.

¶1 Caroline Burton and Brenda Olivar submitted claims for long-term disability benefits to insurance companies under employee-benefits plans set up by their employers ("the Plans"). Both Burton's and Olivar's employers created the Plans by purchasing long-term disability policies from insurance companies. The insurance companies denied Burton's and Olivar's claims. Burton and Olivar sued the Plans under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) (2016), for benefits due to them under the insurance policies. But neither served the Plans. Rather, they each served complaints on the United States Department of Labor Secretary, relying on an ERISA provision allowing such service when a plan hasn't designated "an individual" as an agent for service of process. Id. § 1132(d)(1). In both cases, the Labor Secretary never forwarded the complaint to the Plans' designated agents for service of process, the Plans failed to answer, and Burton and Olivar obtained default judgments in their favor.

¶2 Eventually, the Plans moved to set aside the default judgments for improper service, which the trial courts granted in both cases. Later, the Plans moved for summary judgment, arguing the insurers, which were obligated to make all eligibility determinations and payments under the Plans' terms, were the only proper party defendants. The trial courts agreed, granting the Plans summary judgment. A division of the court of appeals affirmed.

¶3 In this opinion, we consider whether ERISA § 1132(d)(1)'s use of "individual" provides that service on the Labor Secretary is sufficient when an employee-benefit plan designates a corporation (instead of a natural person) as its administrator and agent for

3

service of process. We think not. We hold "individual" in this context includes a corporation and service on the Labor Secretary is proper only when a plan fails to designate either a plan administrator or some other person as agent for service of process. We further hold that judgments void for lack of service may be set aside at any time. Finally, we address which party is the proper defendant in an ERISA claim for benefits due. We hold the insurer, not the Plan, is the only proper defendant in an ERISA claim for benefits due when the Plan's terms provide that only the insurer is obligated to pay and to determine eligibility for benefits.

¶4     Accordingly, we affirm.

## I. Facts and Procedural History

¶5     The Burton and Olivar cases concern ERISA claims for benefits filed against their employee-benefit plans under ERISA's civil-enforcement provision, 29 U.S.C. § 1132(a)(1)(B). And though the facts of these cases are quite similar,[1] for clarity we discuss them separately here.

## A. Facts in <u>Burton v. Colorado Access</u>

¶6     Caroline Burton's former employer, Colorado Access, offered an ERISA-governed plan that it created by purchasing a long-term disability insurance policy issued and administered by Unum Life Insurance Company of America ("Unum"). The policy was the Plan's governing instrument, and the summary plan

---

[1] We note that both petitioners retained the same counsel to represent them in their respective lawsuits.

description designated Colorado Access as the plan administrator and agent for service of process.

¶7    Burton collected disability benefits under the plan for almost two years before Unum terminated her benefits. After exhausting administrative remedies for Unum's benefits-denial decision, Burton filed a complaint in May 2007 against the Colorado Access Plan ("CA Plan") for benefits due under the long-term disability policy. 29 U.S.C. § 1132(a)(1)(B) (allowing beneficiaries to sue for benefits due under plans governed by ERISA). But she didn't serve Colorado Access the complaint. Rather, she served the complaint only on the United States Department of Labor Secretary ("Labor Secretary"), reasoning such service was proper under § 1132(d)(1).[2]

¶8    The Labor Secretary didn't forward the complaint to Colorado Access, so the CA Plan failed to file an answer. Thus, Burton sought and obtained a default judgment in May 2008 against the CA Plan for back benefits and interest, a monthly payment until Burton turned 65, and attorney fees.

¶9    Over four years after the trial court entered the default judgment, the CA Plan filed a motion to set aside and vacate the judgment under C.R.C.P. 60(b)(3). Because Burton failed to serve Colorado Access the complaint, it argued the trial court lacked

---

[2] Section 1132(d)(1), the provision on which both petitioners relied in serving the Labor Secretary, provides in relevant part:

> In a case where a plan has not designated in the summary plan description of the plan an individual as agent for the service of legal process, service upon the [Labor] Secretary shall constitute such service. The [Labor] Secretary, not later than 15 days after receipt of service under the preceding sentence, shall notify the administrator or any trustee of the plan of receipt of such service.

personal jurisdiction over the CA Plan when entering judgment, which rendered the default judgment void. The trial court agreed and vacated the judgment.

¶10 The CA Plan then moved for summary judgment, reasoning that because Unum alone determined eligibility and was obligated to pay benefits under the plan's terms, only Unum could be held liable under § 1132(a)(1)(B). To support its motion, the CA Plan attached the Unum insurance policy and an affidavit from Colorado Access's Vice President of Administrative Services and Corporate Compliance Officer. Both documents confirmed the following: the CA Plan's only governing document was the insurance policy; any benefits approved were paid only by Unum; and the CA Plan played no role in determining or paying benefits.

¶11 The trial court granted the CA Plan summary judgment, finding it wasn't liable for any benefits Unum decided not to pay because the plan document didn't require the CA Plan to pay benefits or to determine eligibility for benefits. Burton appealed, arguing the trial court erred as follows: (1) that it improperly set aside the default judgment because service on the Labor Secretary was proper under § 1132(d)(1); and (2) that it erred in granting summary judgment because the CA Plan was liable to pay Burton benefits due under § 1132(a)(1)(B).

¶12 A division of the court of appeals affirmed. In a published, unanimous opinion, it concluded the following: (1) the trial court correctly set aside the default judgment, because service on the Labor Secretary under § 1132(d)(1) is proper only where the summary plan description fails to designate either a plan administrator or some other person as an agent for service of process; and (2) the trial court correctly granted the CA

Plan summary judgment because it was not a proper defendant to Burton's ERISA benefits claim.

## B. Facts in <u>Olivar v. Public Service Employee Credit Union</u>

¶13 Brenda Olivar's former employer, Public Service Employee Credit Union ("PSCU"), offered an ERISA-governed plan that it created by purchasing a long-term disability insurance policy issued and administered by Standard Insurance Company ("Standard"). The policy was the Plan's governing instrument. The summary plan description under the policy designated PSCU as the plan administrator and listed the agent for service of process as "Plan Administrator." The summary plan description also required additional notice of legal process involving benefits claims be sent to Standard.

¶14 After a car accident and a separate incident in which she fell down some stairs, Olivar submitted a claim to Standard for disability insurance benefits, which it denied. Olivar appealed, exhausting all administrative remedies for benefits. After losing, she sued the Public Service Employee Credit Union Plan ("PSCU Plan") for benefits due under ERISA § 1132(a)(1)(B). Like Burton, Olivar didn't serve PSCU the complaint—instead, she served only the Labor Secretary, also relying on § 1132(d)(1). The Labor Secretary didn't forward the complaint, so the PSCU Plan never answered and the trial court eventually entered a default judgment against it. In 2011, the trial court ordered PSCU to pay the default judgment amount as garnishee, so PSCU paid Olivar back benefits and began making monthly payments to her.

7

¶15    About two years later (and over six years after the trial court entered the default judgment), the PSCU Plan filed a motion to set aside and vacate the default judgment against it as void under C.R.C.P. 60(b)(3) due to improper service of process.  The trial court agreed and set aside the default judgment.  Olivar then submitted a motion to reconsider setting aside the default judgment, which the trial court also rejected.

¶16    The PSCU Plan moved for summary judgment, raising essentially the same arguments as the CA Plan in Burton's case.  The PSCU Plan also submitted the Standard insurance policy and an affidavit from PSCU's Senior Vice President and Chief Operating Officer.  Both documents confirmed the following: the PSCU Plan's only governing document was the insurance policy; any benefits approved were paid only by Standard; and the PSCU Plan played no role in determining or paying benefits.

¶17    The trial court granted the PSCU Plan summary judgment, and Olivar appealed, raising the same issues Burton raised in her appeal.  Relying largely on the division's analysis in Burton v. Colorado Access, 2015 COA 111, ¶¶ 25–35, __ P.3d __, a different division of the court of appeals affirmed the trial court in Olivar's case.

¶18    Burton and Olivar petitioned this court for writs of certiorari, and we granted their petitions.[3]

---

[3] We granted certiorari to review the following issues in both cases:

1. Whether service upon the Secretary of the Department of Labor is sufficient under 29 U.S.C. § 1132(d)(1) when an employee benefit plan designates a corporation as its administrator and agent for service of process.

## II. Standard of Review

This case presents three types of issues—statutory interpretation, a trial court's decision to grant relief under C.R.C.P. 60(b)(3), and a trial court's decision granting summary judgment—all of which we review de novo. OXY USA Inc. v. Mesa Cty. Bd. of Comm'rs, 2017 CO 104, ¶ 12, 405 P.3d 1142, 1144 (statutory interpretation); First Nat'l Bank of Telluride v. Fleisher, 2 P.3d 706, 714 (Colo. 2000) (relief under C.R.C.P. 60(b)(3)); Thompson v. Md. Cas. Co., 84 P.3d 496, 501 (Colo. 2004) (summary judgment).

## III. Analysis

First, we analyze whether service on the Labor Secretary alone is sufficient under § 1132(d)(1) when an employee-benefit plan names a corporation—instead of a natural person—as its administrator and agent for service of process. Because we conclude it is not, we next decide whether the trial courts in these cases erred in setting aside and vacating the default judgments as void under C.R.C.P. 60(b)(3). We conclude they did not. Finally, we explore whether the trial courts properly granted the CA Plan and PSCU Plan summary judgment. Because we conclude that the insurers, not the Plans, are the proper defendants for benefits due under the terms of the Plans, we conclude the trial courts properly granted summary judgment.

---

2. Whether the district court erred in setting aside the default judgment as void under C.R.C.P. 60(b)(3) because the petitioner served the Complaint only on the Secretary of Labor pursuant to the terms of 29 U.S.C. § 1132(d).

3. Whether it is proper to grant and affirm summary judgment to the respondent under the rationale the respondent is not a proper defendant because it is an insurance-funded ERISA plan, as opposed to a self-funded ERISA plan.

## A. Service on the Labor Secretary

¶21 The parties dispute whether service of process on the Labor Secretary is proper under § 1132(d)(1) when a plan lists a corporation (instead of a natural person) as its administrator and agent for service of process.

¶22 To answer this question, we must interpret ERISA's provisions. Thus, "we turn to the well-established rules of federal statutory interpretation." Copeland v. MBNA Am. Bank, N.A., 907 P.2d 87, 90 (Colo. 1995).

¶23 The "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." Robinson v. Shell Oil Co., 519 U.S. 337, 340 (1997). We determine whether statutory language has a plain and unambiguous meaning "by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Id. at 341. In looking at the language itself, we give the words used their ordinary meaning. Roberts v. Sea-Land Servs., Inc., 566 U.S. 93, 100 (2012). And it's "a cardinal principle of statutory construction that a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." TRW Inc. v. Andrews, 534 U.S. 19, 31 (2001) (quotation and citation omitted). Similarly, we avoid interpreting a statute in a way that creates absurd results "if alternative interpretations consistent with the legislative purpose are available." Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 575 (1982).

¶24 ERISA § 1132(d)(1) provides in relevant part:

> Service of . . . legal process of a court upon a trustee or <u>an administrator</u> of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan. In a case where a plan has not designated in the summary plan description of the plan <u>an individual</u> as agent for the service of legal process, service upon the [Labor] Secretary shall constitute such service. The [Labor] Secretary, not later than 15 days after receipt of service under the preceding sentence, shall notify the administrator or any trustee of the plan of receipt of such service.

(Emphases added.) Further, ERISA defines "administrator," in relevant part, as "the <u>person</u> specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A)(i) (2016) (emphasis added). And "person" includes, among other things, a "corporation." <u>Id.</u> § 1002(9) (2016). ERISA also provides a plan may designate "the name and address of the <u>person</u> designated as agent for the service of legal process, if such <u>person</u> is not the administrator." 29 U.S.C. § 1022(b) (2016) (emphases added) (listing requirements for a summary plan description). But ERISA doesn't define "individual."

¶25 Here, there's no dispute that the summary plan descriptions named Colorado Access and PSCU as the plan administrators and agents for service of process. But petitioners contend that service of process on the Labor Secretary was proper because the Plans listed <u>corporations</u>, not <u>individual</u> human beings, as agents for service of process in the summary plan descriptions. The Plans disagree. Thus, our answer hinges on what "individual" means in § 1132(d)(1).

¶26 Seizing on the above-listed provisions, with statutory construction canons and case law interpreting "individual" in other statutory contexts to aid them, the parties make compelling arguments for construing "individual" to favor each side. The Plans'

11

argument connects the dots: Service of process on a plan administrator constitutes service on the Plan and a plan administrator may be a corporation, or a plan may designate some person other than the plan administrator as an agent for service of process, and this too can be a corporation. Either way, ERISA plainly allows a corporation to serve as agent for service of process. It follows then, the Plans contend, that "individual" is not limited to natural persons, but rather "individual" includes a corporation when looking at § 1132(d)(1)'s language in the context of ERISA as a whole. Persuaded by this logic, a division of the court of appeals concluded that service on the Labor Secretary is merely a substituted service provision—that is to say, such service is proper only where the summary plan description fails to designate the plan administrator or some other person, including a corporation, as agent for service of process.

¶27    Yet, petitioners make strong textual arguments for why "individual" in § 1132(d)(1) refers only to a natural person. They argue when ERISA uses "individual" as a noun in many of its other provisions, it always refers to a natural person. For example, petitioners point to this excerpt from the "Criminal penalties" section:

> Any <u>person</u> who willfully violates any provision of part 1 of this subtitle . . . shall upon conviction be fined not more than $100,000 or imprisoned not more than 10 years, or both; <u>except that in the case of such violation by a person not an individual</u>, the fine imposed upon such person shall be a fine not exceeding $500,000.

29 U.S.C. § 1131(a) (2016) (emphases added). Petitioners reason Congress could have used the word "person" or just left out "an individual" in § 1132(d)(1) if its intent had been the conclusion reached by the court of appeals. And so, they claim construing

12

"individual" to include a corporation here writes "individual" out of the statute entirely.

¶28    We disagree. We are persuaded by the division's opinion on this issue for three reasons. First, reading "individual" to mean only a natural person here yields an absurd result: Why would Congress expressly allow a plan to designate a corporation as agent for service of process (whether as the plan administrator or not) and then, simultaneously, allow the plaintiff to ignore the designated agent for service of process because it's a corporation? We avoid this absurd result by construing "individual" in § 1132(d)(1) to include a corporation.

¶29    Second, as the court of appeals pointed out, the ordinary meaning of "individual" isn't limited to natural persons. See Individual, Webster's New College Dictionary (2005) (defining as "a single thing, being, or organism") (emphasis added); Individual, Black's Law Dictionary (10th ed. 2014) ("Of, relating to, or involving a single person or thing . . . .") (emphasis added).

¶30    Finally, our interpretation doesn't read "individual" out of the statute. Rather, it better achieves what Congress intended § 1132(d)(1) to be—a substituted service provision. The Supreme Court has observed "individual" doesn't "invariably mean[] 'natural person' when used in a statute," but there must be "some indication Congress intended" to give the word "a broader or different meaning" in a given statute. Mohamad v. Palestinian Auth., 566 U.S. 449, 455 (2012). Tellingly, the Court then remarked that Congress indicates its intent for "individual" to have a broader or different meaning than natural person in situations exactly like the one here: where

13

reading "individual" to mean natural person would lead to an absurd result. Id. (citing Clinton v. City of New York, 524 U.S. 417, 429 (1998) (finding Congress intended "individual" to be synonymous with "person" in the Line Item Veto Act, because a contrary reading would produce an absurd result)). And, though petitioners correctly observe that there are other provisions in ERISA where "individual" clearly refers to only a natural person, such occurrences don't undermine our broader reading of the word in § 1132(d)(1). Indeed, the Supreme Court has "several times affirmed that identical language may convey varying content when used in different statutes, sometimes even in different provisions of the same statute." Yates v. United States, __ U.S. __, 135 S. Ct. 1074, 1082 (2015) (emphasis added).

¶31    Thus, we agree with the court of appeals and hold the following: (1) in the context of ERISA as a whole, "individual" in § 1132(d)(1) includes a corporation; and (2) the provision on which petitioners rely is a substituted service provision, so service on the Labor Secretary is proper only where the summary plan description fails to designate either the plan administrator or some other person, including a corporation, as agent for service of process.

¶32    But did the courts below err in setting aside the judgments as void? We turn to that question next.

## B. Void Judgments Under C.R.C.P. 60(b)(3)

¶33    Having determined above that petitioners' service only on the Labor Secretary was insufficient, we must now decide whether the courts below nonetheless erred in vacating the default judgments against the Plans.

14

¶34   C.R.C.P. 60(b)(3) provides a court may set aside a judgment that is void.  Yet, as petitioners point out, the rule then provides that such a "motion shall be made within a reasonable time."  C.R.C.P. 60(b) (emphasis added).  Petitioners contend the Plans' motions to set aside the default judgments were not made within a reasonable time, emphasizing that the CA Plan's motion came more than four years after the trial court entered the judgment and the PSCU Plan didn't move to set aside the default judgment against it until more than six years after it was entered and a full two years after PSCU itself paid back benefits and began making monthly payments to Olivar.

¶35   Again, we disagree.  Petitioners' arguments overlook a fundamental principle: "[A] default judgment entered by a court without personal jurisdiction over the defendant, e.g., due to an invalid service of process, is a nullity and without effect." Goodman Assocs., LLC v. WP Mountain Props., LLC, 222 P.3d 310, 315 (Colo. 2010).  It follows, then, that because a void judgment is "without effect," it may be attacked at any time.  See Davidson Chevrolet, Inc. v. City & Cty. of Denver, 330 P.2d 1116, 1119 (Colo. 1958) ("Being naught, [a void judgment] may be attacked directly or collaterally at any time."); In re Marriage of Stroud, 631 P.2d 168, 170 n.5 (Colo. 1981) ("[W]here the motion alleges that the judgment attacked is void, C.R.C.P. 60(b)(3), the trial court has no discretion.  The judgment either is void or it isn't and relief must be afforded accordingly.").

¶36   Because petitioners failed to properly serve the Plans, the trial courts that entered the default judgments in these cases had no personal jurisdiction over them.  See Weaver Constr. Co. v. Dist. Court, 545 P.2d 1042, 1045 (Colo. 1976).  And, as a result,

15

petitioners' reasonable-time arguments necessarily fail. Moreover, we think it's clear that C.R.C.P. 60(b)'s reasonable-time language doesn't apply here where the underlying rationale for vacating is "on the grounds that such lack of notice <u>constitutes a due process violation</u>." <u>First Nat'l Bank of Telluride</u>, 2 P.3d at 712 (emphasis added).

¶37 Thus, because we hold judgments void for lack of service may be set aside at any time, we conclude the trial courts didn't err in vacating the default judgments in these cases.

¶38 Still, did the trial courts err in granting the Plans summary judgment? We explore that issue below.

### C. Proper Party Defendants in Insurance-Funded ERISA Plans

¶39 As the division of our court of appeals and other courts confronting this issue have aptly noted, ERISA expressly provides who may bring a claim for benefits due, but not whom is the proper party for them to sue. <u>See</u> § 1132(a)(1)(B). So, is the plan or the insurer the proper party defendant where only the insurer determines eligibility and is obligated to pay benefits? Petitioners argue the plan is always a proper defendant. The Plans contend the insurers are the only proper defendants here, because the plans were insurance-funded and the insurers alone determined eligibility for benefits and had the obligation to pay them.

¶40 Because of this statutory gap, courts are split on the issue. Some courts have held the plan is always a proper party defendant in actions under § 1132(a)(1)(B). <u>See, e.g.</u>, <u>Chapman v. ChoiceCare Long Island Term Disability Plan</u>, 288 F.3d 506, 509–10 (2d Cir. 2002). These courts reach this conclusion from the plain language in §§ 1132(a)(1)(B)

and 1132(d)(1), (2). See id. at 509. Section 1132(a)(1)(B) provides: "A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan . . . ." And §§ 1132(d)(1) and (2) note an "employee benefit plan may sue or be sued under this subchapter as an entity," and any "money judgment . . . against an employee benefit plan shall be enforceable only against the plan as an entity." Thus, courts on this side of the split reason that these provisions "make plain that a plan can be held liable in its own name for a money judgment," and that arguing the plan isn't liable merely because it contracts with an insurer to pay beneficiaries "is wholly unsupported by the language of the statute." Chapman, 288 F.3d at 509.

¶41 Other courts take a more functional approach in resolving this issue, holding the proper defendant is the party that exercises control over the administration of the plan. E.g., Garren v. John Hancock Mut. Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997) (per curiam). Courts following this functional approach reason that the statutory provisions on which opposing courts rely merely establish "that an employee benefits plan is an ERISA entity and is subject to suit in some instances, [but] that proposition does not mean that a plan is a proper party in every ERISA case." Milton v. Life Ins. Co. of, N. Am., CV-12-BE-864-E, 2012 WL 2357800, at *2 (N.D. Ala. June 20, 2012) (dismissing plan named as defendant where insurer was sole party handling and making claims decisions).

¶42 Lately, there has been a trend of courts broadening the scope of who may be a proper defendant under § 1132(a)(1)(B). For example, the Ninth Circuit, which had previously held that only the plan (and in some circumstances the plan administrator) is

17

a proper defendant, changed course in Cyr v. Reliance Standard Life Ins. Co., 642 F.3d 1202 (9th Cir. 2011) (en banc).  There, an employee seeking increased long-term disability benefits sued the insurer that denied her claim, though it wasn't designated the plan administrator.  Id. at 1204.  In expanding the scope of potential defendants under § 1132(a)(1)(B) to include insurers, the Cyr court remarked that a "plan administrator under ERISA has certain defined responsibilities involving reporting, disclosure, filing, and notice," but "the plan administrator can be an entity that has no authority to resolve benefit claims or any responsibility to pay them."  Id. at 1207.  Because the plan administrator "had nothing to do with denying [the employee's] claim for increased benefits" and the insurer denied the claim and "was responsible for paying legitimate benefits claims," the Cyr court concluded the insurer was "a logical defendant."  Id.

¶43   The Seventh Circuit too more recently deviated from the Chapman approach, when it held:

> Although a claim for benefits ordinarily should be brought against the plan (because the plan normally owes the benefits), where the plaintiff alleges that she is a participant or beneficiary under an insurance-based ERISA plan and the insurance company decides all eligibility questions and owes the benefits, the insurer is a proper defendant in a suit for benefits due under § 1132(a)(1)(B).

Larson v. United Healthcare Ins. Co., 723 F.3d 905, 915–16 (7th Cir. 2013).  In reaching this conclusion, the court observed "a cause of action for 'benefits due' must be brought against the party having the obligation to pay.  In other words, the obligor is the proper defendant on an ERISA claim to recover plan benefits."  Id. at 913.  Thus, it concluded

18

because the insurers decided eligibility questions and had the obligation to pay, the insurance companies were the obligors and could be sued for benefits due under ERISA. <u>Id.</u>

¶44 At least one court has read <u>Larson</u> to mean liability isn't limited to just the obligor insurance company that pays and decides claims. <u>See OSF Healthcare Sys. v. Insperity Grp. Health Plan</u>, 82 F. Supp. 3d 860, 864 (C.D. Ill. 2015). Rather, the <u>OSF</u> court concluded <u>Larson</u> merely allows insurers to be sued, and plans are still proper defendants under common law contract principles even if an insurance company controls payment and determines eligibility for plan benefits. <u>Id.</u>

¶45 But regardless of <u>Larson</u>'s actual reach, we still think the trial courts properly granted the Plans summary judgment. In the end, holding that the plan is <u>always</u> a proper defendant overstates the whole point of petitioners' claims: Section 1132(a)(1)(B) allows a beneficiary to sue "to recover benefits due to him <u>under the terms of his plan</u>." (Emphasis added.) In this case, we're persuaded Unum and Standard—not the Plans— are the only proper defendants because the following is undisputed:

- The Plans were funded as insurance policies and had no assets;

- The only governing instruments were the insurance policies;

- Only Unum and Standard determined benefits eligibility;

- Only Unum and Standard were obligated to pay benefits;

- And the Plans played no role in handling petitioners' claims for benefits.

Indeed, to use <u>Larson</u>'s terminology, we think these facts make Unum and Standard the obligors and, thus, the proper defendants on petitioners' ERISA claims to recover benefits due under the terms of their plans. <u>See</u> § 1132(a)(1)(B).

¶46 Petitioners' only compelling argument[4] on this issue is that cases on <u>Chapman</u>'s side of the split got it right and, thus, this court should adopt that approach here. However, here, like in <u>Cyr</u>, it's clear that the Plans had "no authority to resolve benefit claims or any responsibility to pay them," unlike Unum and Standard, which are the "logical" defendants. 642 F.3d at 1207. Indeed, the Plans argue (and petitioners don't adequately rebut) that even if this court agreed with petitioners and reversed summary judgment, the Plans have no assets to pay any potential judgments against them.

¶47 That's not to say an insurance-funded plan may <u>never</u> be sued. Rather, we think that just because ERISA allows plans to be sued, § 1132(d)(1), doesn't mean they can be sued when they have <u>no legal obligation</u> to provide benefits under the plan's terms. <u>See</u> <u>Larson</u>, 723 F.3d at 913. Thus, we conclude the insurers, not the plans, are the only proper defendants in ERISA claims for benefits due, when the plans' terms provide that only the insurers are obligated to pay and to determine eligibility for benefits.

---

[4] We disagree with petitioners that <u>Geddes v. United Staffing Alliance Employee Medical Plan</u>, 469 F.3d 919 (10th Cir. 2006), stands for the proposition that an insurer is not a proper defendant. <u>Geddes</u> involved a third-party administrator, <u>id.</u> at 922, not an insurer that solely determined eligibility for benefits and was obligated to pay them under the plan, and is therefore factually inapposite.

## IV.  Conclusion

¶48     We hold "individual" in ERISA § 1132(d)(1)'s context includes a corporation and that service on the Labor Secretary is proper only when a plan fails to designate either a plan administrator or some other person as agent for service of process.  Further, we hold that judgments void for lack of service may be set aside at any time.  Thus, we conclude that service on the Labor Secretary was insufficient here and the trial courts properly set aside and vacated the default judgments against the Plans as void.  We also hold the insurer, not the plan, is the only proper defendant in an ERISA claim for benefits due when the plan's terms provide that only the insurer is obligated to pay and to determine eligibility for benefits.  Accordingly, we conclude the trial courts properly granted the Plans summary judgment because the insurers in these cases are the proper defendants.

¶49     Therefore, we affirm the court of appeals in both cases.